## EVERETT & SON *et al. v.* FERST'S SONS & CO.

BECK, J. 1. The expression "return day," as used in the act of 1900 amending the Civil Code, § 3667 (Acts 1900, p. 53; Van Epps' Code Supp. § 6185), means the same as "filing day," or the last day on which suits may be filed so as to be returnable to the next term. *Bawley* v. *Bennett*, 33 *Ga.* 146; *Hood* v. *Powers*, 57 *Ga.* 245.

2. Consequently where the undisputed evidence showed that written notice was given, as provided in said section, by the holder of certain promissory notes which contained obligations to pay attorney's fees, of the holder's intention to sue and of the term of court to which suit would be brought, it was not error for the court, on the trial of a suit brought upon such notes, to direct a verdict for the plaintiff for the amount of the attorney's fees stipulated in the notes, though, subsequently to the return day and before the first day of the term, the defendant had fully paid the principal, interest, and accrued costs.

*Judgment affirmed. All the Justices concur.*

Argued June 6,—Decided November 10, 1906.

Complaint. Before Judge Brannen. City court of Statesboro. January 30, 1905.

*R. Lee Moore,* for plaintiffs in error, cited: Acts 1900, p. 53 (Van Epps' Code Supp. § 6185); 2 Bouv. L. Dict. 475; Black's L. Dict. (1891) 1039; Web. Internat. Dict. (1894) 1232; 3 Universal Dict. (1897) 3989; 6 Cent. Dict. 5131; 3 Bl. Com. 277; 111 Iowa, 324; 66 Iowa, 560; 111 Cal. 131.