## DAVENPORT *v.* RICHARDS.

Under statutory proceedings for the foreclosure of a chattel mortgage, an obligation contained therein to pay attorney's fees in addition to principal and interest can not be enforced.

August 19, 1912.

Affidavit of illegality. Before Judge Jones. Hall superior court. July 19, 1911.

Cited:. *Harris* v. *Powers,* 129 *Ga.* 75, 87 (58 S. E. 1038, 12 Ann. Cas. 475) ; *Sheffield* v. *Bainbridge Oil·Co.,* 3 *Ga. App.* 200, 203 (59 S. E. 725).

*J. G. Collins,* for plaintiff in error.    *H. H. Dean,* contra.

Beck, J.    To the levy of a mortgage fi. fa. issued upon the foreclosure of a chattel mortgage under the provisions of the statute for the foreclosure of such mortgages, Davenport, the plaintiff in error, filed an affidavit of illegality embracing several grounds. The only question for determination made in the record is, whether or not the fi. fa. could proceed for the collection of attorney's fees which the maker of the mortgage contracted to pay in addition to principal and interest.    Notice by the mortgagee of his intention

to foreclose the mortgage for principal, interest, and attorney's fees by the 6th day of February, 1911, was given ten days before that date; and on that date the mortgage was foreclosed according to the provisions of the statute for the foreclosure of chattel mortgages, and the fi. fa. was made returnable to the superior court of the county, to be held on the third Monday in July, 1911.

Section 4252 of the Civil Code provides that "Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same: Provided, the holder of the obligation sued upon, his agent, or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought." Under the provisions of the section quoted, it is clear that the obligation to pay the attorney's fees was void and could not be enforced, unless the debtor failed to pay the debt "on or before the return day of the court" in which the proceedings to collect the same were brought. The expression, "return day," as used in the statute, means the same as filing day, or the last day on which suits may be filed so as to be returnable to the next term. *Everett & Son* v. *Ferst's Sons & Co.,* 126 *Ga.* 662 (55 S. E. 916). In proceedings to foreclose chattel mortgages under the statute there is no day which corresponds to the "return day" as contemplated in section 4252; and consequently no time is fixed within which it can be rendered the duty of the debtor to pay the debt, when given the notice provided for in this section of the code, so as to give validity to the contract to pay attorney's fees stipulated in the evidence of indebtedness, and take such an obligation out of the provision of the law making obligations to pay attorney's fees void. Two things are necessary to negative the positive legislative declaration that an obligation to pay attorney's fees upon a note or other evidence of indebtedness is void, to wit: Notice by the holder of his intention to bring suit, and of the term of court to which the suit will be brought; and a failure upon the part of the debtor to pay the debt on or before the return day. In the suits contemplated by this statute the law fixes the return day for each court, and either before or on that day the debtor

may make payment of the debt, and the obligation to pay attorney's fees in addition to the principal and interest is void. The law has not made any provision whereby the holder of the obligation may himself fix a day which shall take the place of the return day contemplated by the statute, although he might fix such a day as would be more advantageous to the debtor than the "return day" fixed by the statute. It may be that this is a hiatus in the remedial law for the enforcement of certain classes of obligations given by debtors, but it is one the court can not fill. If it is desirable that it should be filled, the legislature and not the court must deal with it and correct the defect in the law, if it be one. We are of the opinion that the court erred in overruling that portion of the affidavit of illegality by which the plaintiff in error resisted the collection of the attorney's fees.

Inasmuch, however, as the mortgage was regularly foreclosed, and the only ground of illegality which can be sustained was that attacking the right of the creditor to foreclose for attorney's fees, it is ordered that the plaintiff in fi. fa. have the privilege of writing off the attorney's fees within twenty days after the return of the remittitur; otherwise that the judgment be reversed.

*Judgment affirmed, with direction. All the Justices concur.*