## WATTERS & COMPANY INC. *v.* O'NEILL *et al.*

The statutes prescribing procedure in attachment suits make provision for " a return day " within the meaning of the statute prescribing the conditions on which agreements to pay attorney's fees in addition to the stipulated principal and interest may be enforced; and such agreements may be enforced in an attachment suit under conditions specified in the statute.

No. 2173.    JULY 13, 1921.

Question certified by Court of Appeals (Case No. 11602).

The Court of Appeals certified to the Supreme Court the following question: " In attachment proceedings to recover an indebted-

ness evidenced by promissory notes, is there a day which corresponds to the "return day" as contemplated in section 4252 of the Civil Code of 1910? In other words, in such a suit, where the notes contained the usual stipulations for the recovery of attorney's fees and where the requirements of the above code section as to notice have been complied with, and where the plaintiff in attachment is entitled to a common-law judgment in personam against the defendant (the attachment having been abandoned) for the principal and interest sued for, is he entitled also to recover attorney's fees?"

*J. Mallory Hunt, L. H. Covington,* and *Nathan Harris,* for plaintiff.

*Denny & Wright,* for defendants.

ATKINSON, J. The Civil Code, § 4252, declares: "Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same: Provided, the holder of the obligation sued upon, his agent, or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought." While this statute denounces the promise to pay attorney's fees, it does so with the proviso that the obligor shall spare the obligee the necessity of further litigation by paying the amount of principal and interest due under the terms of the contract on or before the "return day" of the court to which suit is brought for the collection of same, if the holder of the obligation shall notify the defendant in writing, ten days before suit is brought, of his intention to bring the suit and of the term of court to which the suit will be brought. "Suit," as employed in this statute, manifestly contemplates any form of action for recovery of the debt in a court having jurisdiction to render judgment on the demand, where there is provision for "a return day." This court has recognized that a proceeding in court by statutory attachment is a suit. *Baker* v. *Aultman,* 107 *Ga.* 339 (33 S. E. 423, 73 Am. St. R. 132); *Fincher* v. *Stanley Electric Mfg. Co.,* 127 *Ga.* 362 (56 S. E. 440). In *Davenport* v. *Richards,* 138 *Ga.* 611 (75 S. E. 648), referring to the above-quoted section of

the Code, it was said: "It is clear that the obligation to pay the attorney's fees was void and could not be enforced, unless the debtor failed to pay the debt ' on or before the return day of the court ' in which the proceedings to collect the same were brought. The expression, ' return day,' as used in the statute, means the same as filing day, *or the last day on which suits may be filed so as to be returnable to the next term. Everett & Son* v. *Ferst's Sons & Co.,* 126 *Ga.* 662 (55 S. E. 916). . . Two things are necessary to negative the positive legislative declaration that an obligation to pay attorney's fees upon a note or other evidence of indebtedness is void, to wit: Notice by the holder of his intention to bring suit, and of the term of court to which the suit will be brought; and a failure upon the part of the debtor to pay the debt on or before the return day." Under such construction it was held that the provision for attorney's fees could not be enforced in statutory proceedings for the foreclosure of a chattel mortgage, there being no provision in the statute for a "return day." The statute relating to foreclosure of chattel mortgages provides for issuance of an execution under which the property shall be levied on (Civil Code, § 3286) and sold, upon filing with the clerk of the court the mortgage or a copy thereof with an affidavit attached as prescribed. It will be perceived that this is a summary remedy, and that the fi. fa. is final process which may be levied immediately, without any provision for the holder of the note to give notice as prescribed in the Civil Code, § 4252. The statutes providing for suits in attachment are quite different, as will be shown. There are several articles of the code providing for suits in attachment. The first is in Civil Code § 5055, which declares: "Attachments may issue in the following cases: 1. When the debtor resides out of the State. 2. When he is actually removing, or about to remove, without the limits of the county. 3. When he absconds. 4. When he conceals himself. 5. When he resists legal arrest. 6. When he is causing his property to be removed beyond the limits of the State." Succeeding sections provide how attachments based on such grounds are to be obtained, and procedure for the return and trial of attachment suits. In the Civil Code, § 5063, it is declared that when the amount shall exceed the sum of one hundred dollars the attachment shall be made " returnable to the next term of the superior or county court of the

county where the defendant resides, or where he last resided; but if such superior court shall sit within twenty days, or such county court shall sit within fifteen days, next after issuing such attachment, it shall be made returnable to the next term of the court thereafter." Similar provisions are made for the return of attachments to justices' courts in cases where the debt does not exceed the sum of one hundred dollars, except that the limit of time is ten days before the term to which the case is returnable. Article 3, which commences with Civil Code § 5083, relates to attachments for purchase-money. It provides for the issuance of attachments: "In all cases of sale of lands, where the vendor has not executed a deed of conveyance to the purchaser for the same, but has given bond for titles or other evidence of the contract, and the purchase-money has not been paid, and the vendee shall become liable to attachment, attachment may issue against him at the instance of the vendor, upon complying with the provisions of this Code in relation to attachments." (The attachment in the case to which the question propounded by the Court of Appeals relates was sued out under this section of the Code.) In the Civil Code, § 5084, provision is made for the issuance of the process of attachment in behalf of any creditor whose debt is created by the purchase of property generally. There is no provision in either § 5083 or § 5084, expressly stating when such attachment suits shall be made returnable; but, referring to those sections, it is said in the Civil Code, § 5087, which is the last section in article 3: "So much of this Code as regulates the proceedings in relation to remedy by attachment, as is not in conflict with the three preceding sections, shall apply to and control proceedings under this Article." This makes the language relating to "return," hereinbefore quoted from the Civil Code, § 5063, applicable to such cases. Article 4, which commences with Civil Code § 5088, refers to attachments against fraudulent debtors. Attachments under this law must also be returned as provided in the Civil Code, § 5063, for it is declared in § 5092, referring to attachments against fraudulent debtors: "Such attachments, when issued and served, shall be returned and disposed of as attachments are now returned and disposed of, and be subject to the same defenses, and may be taken out upon the affidavit of the agent or attorney of the creditor, if he can, by his own oath, make

out a case which will satisfy said judge." The attachments above referred to are in each instance merely mesne process, and never become final until after judgment. They are required to be returned to a court, and procedure is provided for a hearing and disposition of the case in court. As indicated above, the statute prescribes certain numbers of days which must intervene between the issuance of the attachment and the term of court to which it is made returnable, the number of days varying according to the character of the court to which the attachment is returnable, being 20 days when returnable to the superior court, 15 days when returnable to the county court, and 10 days when returnable to the justice's court. This in effect provides for a "return day" as contemplated in the Civil Code, § 4252, first hereinabove mentioned in regard to the enforcement of obligations to pay attorney's fees. The "return day" for an attachment suit, within the meaning of that statute as construed in *Davenport* v. *Richards,* supra, is the last day within which the attachment could be issued, returnable to a given term of the court. While the statutes relating to procedure by attachment differ from Civil Code § 5562, which relates to the bringing of ordinary suits, they are similar at least to the extent that in each provision is made for a "return day" for issue to be joined, for a full hearing for both parties on the validity and correctness of the claim, and that there is no final process in the case until after judgment. Such being the character of the statute relating to suits by attachment, an agreement expressed in a promissory note to pay attorney's fees in addition to the principal and interest stated in the note can be enforced in a suit by attachment under conditions as provided in the Civil Code, § 4252. This sufficiently answers the question propounded by the Court of Appeals.                    *All the Justices concur.*