## 11602. WATTERS & COMPANY INC. v. O'NEILL et al.

BROYLES, C. J. 1. "The statutes prescribing procedure in attachment suits make provision for 'a return day' within the meaning of the statute prescribing the conditions on which agreements to pay attorney's fees in addition to the stipulated principal and interest may be enforced; and such agreements may be enforced in an attachment suit under conditions specified in the statute." *Watters* v. *O'Neill* (this case), 151 *Ga.* 680 (108 S. E. 35). Under the above ruling and the facts of the instant case, the court did not err in including attorney's fees in the judgment rendered for the plaintiffs.

2. "Though . . an attachment be absolutely void, this is no ground for dismissing a declaration thereon, praying for judgment in personam, where the declaration has been properly filed and the defendant duly cited to appear, and general appearance has been made therein." *Falligant* v. *Blitch*, 19 *Ga. App.* 675 (2) (91 S. E. 1057), and citations.

(a) In the instant case, while the declaration in attachment did not pray solely for judgment in personam, yet upon the trial counsel for the plaintiffs announced to the court that they would abandon the attachment and ask only for a common-law judgment in personam against the defendant. Under these circumstances the court did not err in refusing to pass upon — first, the defendant's motion to dismiss the attachment proceedings, second, the defendant's special plea setting up that the attachment was void, and, third, the defendant's traverse to the grounds of the attachment.

3. The amended declaration in attachment was not subject to any ground of demurrer interposed, and the court did not err in so ruling.

4. Under all the particular facts of the case the court did not err in disallowing the proffered amendment to the defendant's answer, or in striking the answer itself.
5. The court did not err in rendering judgment in favor of the plaintiffs for the full amount of the principal, interest, and attorney's fees sued for.
6. It not appearing that the writ of error in this case was prosecuted for delay only, the request of the defendants in error, that damages be awarded, is denied.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED JULY 26, 1921.

Attachment; from city court of Floyd county — Judge Nunnally.   March 20, 1920.

*J. Mallory Hunt, L. H. Covington, Nathan Harris,* for plaintiff in error.

*Denny & Wright,* contra.