### JEFFERSON STANDARD LIFE INS. CO. v. HILL et al.

(District Court, N. D. Georgia. November 14, 1922.)

1. **Mortgages ⊚⟞27—Georgia security deed enforceable as equitable mortgage.**
   A Georgia security deed may be enforced in a federal court of equity as an equitable mortgage.

2. **Equity ⊚⟞152—Petition held not defective for failure to exhibit mortgage.**
   In a suit to foreclose as a mortgage a Georgia security deed, petition *held* not defective for failure to exhibit the mortgage.

3. **Costs ⊚⟞173(I)—Attorney's fees enforceable, although suit is in equity, not at law.**
   Under Civ. Code Georgia, 1910, § 4252, as to attorney's fees, attorney's fees may be enforced, although the suit brought for the debt is in equity rather than at law.

4. **Courts ⊚⟞357—Requirement of state statute relative to attorney's fees of notice of term of court complied with by notice of intention to file suit on particular day in federal court.**
   Under Civ. Code Georgia, 1910, § 4252, requiring, for collection of attorney's fee, 10 days' notice to debtor of intention to sue and term of court, *held* that, as respects suit in federal equity court in which there is no fixed return day, the substantial requirements of the statute are met by a 10-day written notice of intention to file on a particular day an equity suit in the federal court.

In Equity. Suit by the Jefferson Standard Life Insurance Company against Mrs. Ida J. Ruffin Hill and others. On demurrers. Demurrers overruled.

A bill in equity was brought by the Jefferson Standard Life Insurance Company against Mrs. Hill for foreclosure as a mortgage of a Georgia se-

---

⊚⟞For *other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes*

curity deed. The deed was not exhibited. A general judgment was also prayed, and the recovery of 10 per cent. promised in the note to be paid as attorney's fees. The Georgia statute regulating recovery of attorney's fees is as follows:

Code, § 4252: "Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same: Provided, the holder of the obligation sued upon, his agent, or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought."

Demurrers, general and special, were filed, treated in argument as motion to dismiss.

Bryan & Middlebrooks, of Atlanta, Ga., for plaintiff.

Jere M. Moore, of Montezuma, Ga., for defendants.

SIBLEY, District Judge. [1, 2] That a Georgia security deed may be enforced in a federal court of equity as an equitable mortgage is well settled. The new equity rules do not require exhibits, and the general practice in mortgage foreclosures is not to exhibit an oftentimes lengthy and complicated mortgage. The petition is therefore held not defective for failure to exhibit the mortgage.

[3] That attorney's fees, under the Georgia statute regulating promises to pay them, may be enforced, although the suit brought for the debt is in equity rather than at law, was decided in Harris v. Powers, 129 Ga. 74, 58 S. E. 1038, 12 Ann. Cas. 475. That latitude is to be indulged respecting extraordinary forms of procedure, such as an attachment, is recognized in Watters & Co. v. O'Neill, 151 Ga. 680, 108 S. E. 35. The bill here seeks also a general judgment.

[4] Although under the equity practice there is no fixed return day for suits to be filed, yet in a sense every day is a return day on which a suit is filed under this practice. When 10 days' notice in writing, as required by the Georgia statute, is given of an intention to file on a particular day an equity suit in the federal court, the substantial purposes of the Georgia statute are met. The defendant has full 10 days in which he may pay the debt and avoid an imposition of the fee. On the other hand, the creditor cannot collect it until, after such notice, he has actually been forced to commence litigation and incur attorney's fees to the amount sought to be recovered and within the limit contracted for. The fees were allowed to be recovered in British & American Mortgage Co. v. Worrill (C. C.) 168 Fed. 120.

The language of the note, which is exhibited, shows a clear right on the part of the plaintiff to treat the entire debt as due. Payment of part of the interest installment and acceptance by the creditor would not deprive him of the right to declare the entire debt due, if part of the interest remained past due and unpaid, and there was no agreement to waive this right. In the present case, however, an additional year's interest has likewise defaulted, no part of which was paid.

The demurrers to the petition are overruled.

Since the plaintiff is not required to exhibit the mortgage itself, it is but right that the defendant, professing inability to recall its terms,

should be allowed to see it before confessing judgment. I think the answer is sufficient to prevent a decree pro confesso. Much of it is subject to criticism, but special demurrers will not be considered by the court. When the case comes on for hearing, the petitioner may present its mortgage in evidence, and the defendant may make such defense as she can against it under the answer.