## JOHN HANCOCK MUT. LIFE INS. CO. v. PERRY.

(District Court, S. D. Georgia. November 28, 1922.)

1. **Courts** ⊂⊃371(1)—**Federal court of equity may enforce contract for attorney's fees under Georgia statute.**

Civ. Code Ga. 1910, § 4252, providing that contracts in notes or other obligations to pay attorney's fees shall not be enforced by the courts, "unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought," provided 10 days' notice is given before suit is brought, does not preclude a federal court of equity from enforcing such a contract in a suit to foreclose a mortgage, though that court has no technical return day.

2. **Mortgages** ⊂⊃125—**Attorney's fees stipulated for in note are a part of the principal.**

Attorney's fees stipulated for in a note secured by mortgage are a part of the principal debt.

3. **Courts** ⊂⊃259—**Powers of federal court of equity cannot be impaired by state legislation.**

The power of a federal court of equity to enforce a contract for payment of attorney's fees in a note secured by mortgage cannot be affected by state legislation.

In Equity. Suit by the John Hancock Mutual Life Insurance Company against Mrs. M. E. Perry. Decree for complainant.

Hall, Grice & Bloch, of Macon, for plaintiff.

J. S. Adams and R. Carl Camp, both of Dublin, for defendant.

BARRETT, District Judge. This was a proceeding in equity to foreclose a security deed. The note secured contained a stipulation for the payment of attorney's fees. Appropriate notice of intention to bring the proceedings in equity was given more than 10 days prior to the filing of the bill. The defense to the debt was the mental incompetency of the defendant at the time of the making of the contract. The evidence was voluminous. It was tried before the judge, and he decided adversely to the contention of the defendant as to her incompetency. The single law question involved is as to the right to collect attorney's fees in a bill in equity in this court, there being no fixed terms to which equitable proceedings are brought.

[1] 1. Prior to the Act of the General Assembly of the State of Georgia of 1890–91, p. 221, stipulations for the payment of attorney's fees in contracts could be enforced in the same way as any other portion of the contract. That act provided that:

"Obligations to pay attorney's fees upon any note, or other evidence of indebtedness, in addition to the rate of interest specified therein," are void, "and no court shall * * * enforce such * * * agreement to pay such attorney's fees, unless a plea or pleas be filed by the defendant and not sustained."

By Acts 1900, p. 53, this act was amended, so as to read as follows, as contained in section 4252 of the Code of Georgia of 1910:

"Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same: Provided, the holder of the obligation sued upon, his agent or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought."

The essence of this amendment is that the defendant shall have 10 days within which to pay the debt, and thus be relieved of attorney's fees. Does the fact that there is no technical "return day" in equity proceedings in the federal court prevent the application of this statute? The identical question has not been decided by the state courts, for the sufficient reason that courts of equity in the state courts have fixed terms, the same as in the case of actions at law. In the case of Davenport v. Richards, 138 Ga. 611, 75 S. E. 648, deciding that, "under statutory proceedings for the foreclosure of a chattel mortgage, an obligation therein to pay attorney's fees, in addition to principal and interest can not be enforced," certain language in the opinion would seem to indicate that the state court, under conditions existing in federal courts of equity, would hold that the attorney's fees could not be collected in such proceeding. This language is:

"The law has not made any provision whereby the holder of the obligation may himself fix a day which shall take the place of the return day contemplated by the statute, although he might fix such a day as would be more advantageous to the debtor than the 'return day' fixed by the statute. It may be that this is a hiatus in the remedial law for the enforcement of certain classes of obligations given by debtors, but it is one the court can not fill."

Such case is not binding on this court, and, furthermore, it can easily be differentiated, for the reason that immediately upon the making of the affidavit to enforce a chattel mortgage the execution is final process, while in a proceeding in equity in the federal courts no decree can be obtained until after 20 days shall have elapsed subsequent to the filing of the bill. Certain it is that, though the state court may have felt bound to follow the technical language of the statute, the reason for the rule was recognized and applied when 10 days' notice of intention to file a bill in equity to foreclose a security deed was given.

[2, 3] 2. Attorney's fees are a part of the principal. Peeples v. Strickland, 101 Ga. 829, 29 S. E. 22; Hamilton v. Rogers, 126 Ga. 27, 54 S. E. 926; Evans v. Atlantic National Bank of Jacksonville, 147 Ga. 621, 95 S. E. 219; British & American Mortgage Co. v. Worrill (C. C.) 168 Fed. 120(6); Howard v. Carroll (D. C.) 195 Fed. 646. If attorney's fees cannot be collected in an equitable proceeding in the federal courts to foreclose a security deed, the jurisdiction of the federal courts of equity is impaired. Such interpretation would mean that a well-established jurisdiction in equity in the federal courts was nullified by a state law which had no similar effect upon proceedings in other courts, state or federal. The only remedy would be to change the federal procedure, so as to have definite "return days."

"The federal courts have been extremely jealous to guard the equity jurisdiction against limitation or restraint by reason of state legislation creating or limiting remedies." Simkins, A Federal Equity Suit (3d Ed.) p. 5.

"We have repeatedly held 'that the jurisdiction of the courts of the United States over controversies between citizens of different states cannot be impaired by the laws of the states, which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power.' If legal remedies are sometimes modified to suit the changes in the laws of the states, and the practice of their courts, it is not so with equitable. The equity jurisdiction conferred on the federal courts is the same that the High Court of Chancery in England possesses, is subject to neither limitation or restraint by state legislation, and is uniform throughout the different states of the Union." Payne v. Hook, 7 Wall. (74 U. S.) 425, 430 (19 L. Ed. 260).

It was held in the case of British & American Mortgage Co. v. Worrill (C. C.) 168 Fed. 120, though the principle was not elaborately discussed, that attorney's fees were recoverable in a proceeding in equity to foreclose a mortgage.

Judgment is therefore rendered for attorney's fees, as well as principal, interest, and costs.