## PERRY et al. v. JOHN HANCOCK MUT. LIFE INS. CO.

(Circuit Court of Appeals, Fifth Circuit. October 13, 1924.)

No. 4254.

1. Courts ⊙⟲357 — Mortgage provision for attorney's fees enforceable in foreclosure suit in federal court.

A provision for attorney's fees in a note secured by mortgage is enforceable in a federal court in a suit to foreclose the mortgage, notwithstanding a provision of a state statute that such contracts shall not be enforceable, except under certain conditions.

2. Courts ⊙⟲344—Federal court may enforce contract to pay attorney's fees under Georgia statute; "return day" under equity rules.

Civ. Code Ga. 1910, § 4252, provides that contracts in notes or other obligations to pay attorney's fees shall not be enforced by the courts, "unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought," provided the holder shall give 10 days' notice before suit is brought. Held that, under equity rule 12, which requires the clerk of a federal court on the filing of a bill to issue subpœna, returnable 20 days from the issuing thereof, such day is "return day" of such bill, within the meaning of the state statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Return Day.]

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Suit in equity by the John Hancock Mutual Life Insurance Company against R. T. Perry and Mrs. Mary E. Perry. Decree for complainant, and defendants appeal. Affirmed.

For opinion below, see 284 F. 1011.

John R. Cooper and W. O. Cooper, Jr., both of Macon, Ga., for appellants.

J. E. Hall and Warren Grice, both of Macon, Ga. (Hall, Grice & Bloch, of Macon, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. [1] The question in this case is whether, where a deed to secure a debt for principal, interest, and attorney's fees is being foreclosed as a mortgage in the United States District Court, a decree is proper to be rendered for the attorney's fees as well as for the principal and interest due upon said debt. That such a debt can be foreclosed in equity as a mortgage in the United States court is well settled.

The statute regulating attorney's fees in Georgia may be found in Code of Georgia of 1910, § 4252, which reads as follows:

"Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same: Provided, the holder of the obligation sued upon, his agent, or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought."

The objection made is that there is no return day of the court to which the suit is brought for the collection of the debt, and that therefore the debtor cannot fail to pay such debt on or before the return day of the court. We do not agree with this contention. As was said by the court below:

"Attorney's fees are a part of the principal. Peeples v. Strickland, 101 Ga. 829, 29 S. E. 22; Hamilton v. Rogers, 126 Ga. 27, 54 N. E. 926; Evans v. Atlantic National Bank of Jacksonville, 147 Ga. 621, 95 S. E. 219; British & American Mortgage Company v. Worrill (C. C.) 168 F. 120 (6);

Howard v. Carroll (D. C.) 195 F. 646. If attorney's fees cannot be collected in an equitable proceeding in the federal courts to foreclose a security deed, the jurisdiction of the federal courts of equity is impaired. Such interpretation would mean that a well established jurisdiction in equity in the federal courts was nullified by a state law which had no similar effect upon proceedings in other courts, state or federal."

[2] However, we think that under the equity rules of this court there is a return day for a bill in equity within the meaning of this statute. Under the old equity rules it was provided that whenever a bill is filed the clerk shall issue process of subpœna thereon to be served as therein provided, and a return day of said subpœna (which was the return day of said suit) was the next rule day, or the next rule day but one, at the election of the plaintiff, occurring after 20 days from the day of issuing of the subpœna. Hopkins, New Federal Equity Rules, p. 86.

This rule has been modified by the new rules to require that whenever a bill is filed the clerk shall issue process of subpœna which shall be returnable into the clerk's office 20 days from the issuing thereof. This constitutes the return day of such bill. Id. 152.

The same question presented by this appeal was before the late Judge Newman, District Judge for the Northern District of Georgia, and he sustained the right of the federal court to enforce attorney's fees in the foreclosure of such deed of trust as a mortgage. British & American Mortgage Co. v. Worrill (C. C.) 168 F. 120. This right has also been sustained by the present Judge Sibley in Jefferson Standard Life Ins. Co. v. Hill et al. (D. C.) 290 F. 402.

We therefore affirm the judgment of the court below in sustaining the fees in this case.

Judgment affirmed.