23402. MORRIS v. JOHNSON.

SUBMITTED MARCH 15, 1966—DECIDED APRIL 7, 1966—
REHEARING DENIED APRIL 19, 1966.

*W. D. Moon, Jr., Frank M. Gleason,* for appellant.
*John E. Wiggins,* for appellee.

ALMAND, Justice. Mrs. J. L. Morris, as the widow and sole heir at law of J. L. Morris, brought her petition against Mrs. Estelle Johnson, in which she prayed that a deed executed by her husband to the defendant three days before his death conveying a described tract of land in Catoosa County, be canceled because her husband had never delivered the deed to the defendant, and it was without any consideration. Subsequently, the petition was amended by adding five counts. The general demurrers to the six-count petition were sustained. On review, this court affirmed the court's rulings in counts 1, 3 and 6

and reversed as to the other three counts. See *Morris v. Johnson,* 219 Ga. 81 (132 SE2d 45). A full statement of the allegations and contentions of the plaintiff may be found in that report.

The case came on for trial before the court and jury for a determination of the following issues raised by the pleadings: (1) was there a lack of delivery of the deed in that the defendant held the deed after its proper execution only for safe keeping pending further negotiation; (2) whether the defendant obtained possession of the deed by fraud; and (3) whether actual delivery of the deed was ever made because no agreement had been reached between the grantor and grantee as to the consideration the defendant was to pay.

On the trial, the jury returned its verdict in favor of defendant. The plaintiff's motion for a judgment notwithstanding the verdict and her motion for a new trial on the general grounds and nine special grounds were overruled. In her appeal, error is enumerated on these orders.

■ The main and decisive question in the case was: did the evidence demand a finding by the jury that no delivery had been made by the grantor to the defendant grantee of the deed? (a) Our review of the evidence is that it did not demand a finding in favor of the plaintiff, and it was not error to overrule the motion for a judgment notwithstanding the verdict. (b) There was sufficient evidence to support the jury's verdict that a delivery had been made, and the general grounds of the motion for a new trial are without merit.

■ A witness for the defendant was allowed to testify, over objection, that her brother, the grantor in the deed, had stated on several occasions that he was going to give the property (conveyed by the deed) to the defendant. Ground 1 asserts the admission of this testimony was error because (a) it was hearsay, (b) it was inadmissible because it was a transaction after the death of the grantor with an opposite party and (c) it varied the terms of the deed.

A mere recitation of these grounds shows their want of merit.

■ It was not error to refuse the admission in evidence of the original petition of the plaintiff as asserted in ground number two. The original petition as a part of the pleadings was before the jury without formal introduction.

■ The third special ground asserts that the court erred in refusing to admit in evidence the deposition of the defendant taken at the instance of the plaintiff. The objection that the defendant was in court was sustained. It appears from the record that the defendant was fully cross examined as to her previous answers in the deposition, and no harm was occasioned in refusing to allow the deposition in evidence.

■ Grounds four and five assert that the court erred in refusing to allow the plaintiff on cross examination to testify, over objection by the defendant, that she, the grantee in the deed, had agreed that the consideration for the deed would be a matter for future determination. It appears from the record that the evidence, which was excluded, was later admitted without objection. This ground is without merit.

■ The court charged the jury as follows: "Now I charge you in reference to the delivery of a deed that the delivery of a deed is, simply is transferring the possession of the deed by the Grantor to the Grantee with the purpose and intent of consummating the transaction, closing the transaction, placing the Grantee, that's the defendant in this case, in possession of the evidence of title, deed is simply evidence of title, for the purpose of conveying the deed from the, the title from the Grantor to the Grantee and if you find that that was done here, irrespective of the amount of the consideration or irrespective of the length of time prior to the demise of the Grantor then there would be a delivery. And if there was a delivery, why then you should return a verdict in this case for the defendant in the case." Ground six asserts that this charge was erroneous, unsound and contains an incorrect statement of the law.

Ground seven asserts that the court failed to charge on the controlling issue as to whether there had been a delivery of the deed. Subsequent to the charge complained of in ground number six, the court charged the jury as follows: "Delivery of a deed, I will repeat, I don't mean to emphasize anything that I have already said, but delivery of a deed simply consummates the transaction whereby the title passes from one person to another person with that intent. A deed might be deposited, it might be deposited in escrow; and what escrow means is put into the hands

of some third person to be delivered after the happening of some contingency, that is referred to as an escrow. A deed could be delivered in escrow, a deed might be left with the grantee, after the deed is executed and signed and witnessed and so on. A deed could be left with the grantee in the nature of a bailee and without any intention of consummating the transaction, and without the intent or purpose to deliver it in the way and manner required by law to convey the title. If it's left there for some other purpose, and that purpose is understood by the parties, that it's not intended as a delivery to convey the title, it would not be, it's a question of the intent of the parties."

There is no merit in these grounds.

■ We have examined ground number eight complaining of the court's refusal to grant a mistrial for a remark made by counsel for the defendant before the jury and ground number nine complaining of the court's remarks to the jury after their retirement for consideration of the case and upon their request as to whether they could consider the deposition of the defendant which the court had refused to admit into evidence. Neither of these grounds has any substance or merit.

It was not error to overrule the amended motion for a new trial.

*Judgment affirmed. All the Justices concur.*