### 67460. BARKLEY v. NATIONAL SECURITY FIRE & CASUALTY COMPANY.

Shulman, Presiding Judge.

Shortly after appellee issued a policy of fire insurance covering a dwelling appellant claimed to own, a fire destroyed the dwelling. Appellee refused to pay any benefits under the policy and filed an action for declaratory judgment contending that appellant had voided the policy by misrepresenting that he had full unconditional ownership of the dwelling. That contention was based on a warranty deed recorded some ten months before the application for the policy was executed. Appellant was the grantor in the deed which recited consideration and delivery and purported to transfer to appellant and two others undivided interests in the property insured under the policy at issue here. In unsuccessful opposition to appellee's motion for summary judgment, appellant submitted affidavits from the other two grantees denying delivery of the deed and denying that there was any consideration for the deed. This appeal is from the grant of summary judgment to appellee-insurer. We reverse.

"A deed to lands must be in writing, signed by the maker, and attested by at least two witnesses. It must be delivered to the purchaser or his representative and be made on a good or valuable consideration. The consideration of a deed may always be inquired into when the principles of justice require it." OCGA § 44-5-30. "The record of a properly attested deed purporting on its face to have been delivered is prima facie or presumptive evidence of delivery which, of course, is rebuttable. [Cits.]" *Domestic Loans of Washington v. Wilder*, 113 Ga. App. 803, 805 (149 SE2d 717).

The affidavits submitted by appellant rebutted the prima facie evidence of delivery which was provided by the deed. Since both consideration and delivery have been challenged by appellant's evidence, it is apparent that a question of fact exists as to the validity of the deed. That being so, a question of fact also exists concerning the quality of appellant's ownership of the insured property. It follows that appellee has not proved the invalidity of the policy and summary judgment for appellee was not authorized.

*Judgment reversed. McMurray, C. J., and Birdsong, J., concur.*

18

DECIDED FEBRUARY 27, 1984.

*David P. Daniel,* for appellant.
*Archibald A. Farrar, Jr., Barry P. Harris IV,* for appellee.