A97A1189. JONES et al. v. PHILLIPS.
· (488 SE2d 692)

Judge Harold R. Banke.

After Marjorie S. Jones initiated foreclosure proceedings against Lynne S. Phillips and J. Glenn Davis, the trial court permanently enjoined foreclosure. This appeal followed.[1]

In June 1991, Jones made an unsecured loan of $90,000 to Phillips and her son, J. Glenn Davis. At the time of the loan, Davis and Phillips were sharing a household and may have been common law spouses. Davis testified that he deposited the $90,000 from his mother into his personal bank account. Part of the money was used to purchase the residence which Phillips and her siblings had inherited. The balance of the funds, according to Davis, went to repairs. Several months later, Davis retained an attorney to draft a promissory note and a deed to secure debt relating to the $90,000 loan. In a letter of February 10, 1992, the attorney instructed Davis and Phillips that the documents had to be witnessed, notarized, and recorded. About a month later, counsel advised them that the copy of the "debt deed" signed by them and mailed to him was not valid because it had not been witnessed, notarized or recorded. After receiving that letter, according to Phillips' testimony, Davis refused to give the deed to his mother because "she would hold it over our heads." Phillips testified that Davis placed the deed under a bookcase. It is undisputed that the deed to secure debt was not attested, notarized, or recorded. Nor was it ever delivered to Jones. Jones admitted on deposition that neither she nor any representative on her behalf ever received the original deed or promissory note from Davis and Phillips. Only two payments totaling about $2,000 were ever made to Jones.

Several years after the loan, Jones instituted proceedings to foreclose against Phillips and Davis. Phillips then sued Jones and Davis, seeking to enjoin the foreclosure. Phillips alleged that Jones and Davis were engaged in a conspiracy to deprive her of the real property she was seeking in the divorce.

The trial court noted that Jones never asserted a title based on the security deed at issue until after Phillips filed for a divorce from her son and was awarded temporary possession of the house. Finding that the deed to secure debt lacked legal effect, the trial court

---

[1] The Supreme Court transferred this case to this Court.

awarded Phillips judgment in the form of a permanent order enjoining foreclosure. Jones and Davis (collectively "Jones") appeal. *Held*:

1. The trial court did not err in finding that the foreclosure provisions of the deed to secure debt could not be enforced because the deed had never been delivered and recorded.

"A security deed is first of all a conveyance of land, and must meet all the standards of validity applicable to deeds generally, including the naming of a grantor and a grantee, sufficient words of conveyance or grant, a valid description of the property conveyed, proper execution and attestation, and an effective delivery." Pindar & Pindar, Ga. Real Estate Law & Procedure (4th ed.), § 21-15. See OCGA §§ 44-5-30; 44-14-63.

One of the requisites of a valid deed to land is that, after it is properly executed, and attested, it must be delivered to the grantee or someone for him. *Giuffrida v. Knight*, 210 Ga. 128, 129-130 (1) (78 SE2d 29) (1953). Delivery of a deed to the grantee or a third person for his behalf is essential for the purpose of conveying title. See *Morris v. Johnson*, 222 Ga. 76, 78 (6) (148 SE2d 392) (1966); *Thomas v. Lockwood*, 198 Ga. 437, 448 (2) (31 SE2d 791) (1944). "A deed is delivered in the sense of the law when the person who makes it puts it in the possession of the person to whom it is made with the intention that it shall pass title to such person." Pindar, § 19-84. Here, no valid delivery of the deed ever occurred. Jones' admission that neither she nor anyone acting on her behalf ever received the security deed is fatal because "a deed passes no title unless and until delivered." *Brown v. Brown*, 192 Ga. 852, 853 (2) (16 SE2d 853) (1941). "Without delivery, the deed is nothing and conveys no title." *Maddox v. Gray*, 75 Ga. 452, 453 (1886); compare *Barkley v. Nat. Security Fire &c.*, 170 Ga. App. 17 (315 SE2d 923) (1984) (rebuttable presumption of delivery created where properly attested deed recorded and grantee in possession of property). Pretermitting consideration of other defects in the deed, Jones' failure to show any evidence of delivery entitled Phillips to judgment as a matter of law. *Giuffrida*, 210 Ga. at 130 (2).

2. The trial court did not err in issuing a permanent injunction enjoining the enforcement of the foreclosure provisions of an invalid security deed.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JUNE 30, 1997.

*M. Francis Stubbs*, for appellants.
*Dwight T. Feemster*, for appellee.