## A98A2215. JONES v. PHILLIPS.
(513 SE2d 241)

SMITH, Judge.

This is the second appearance of this case before this court. In *Jones v. Phillips*, 227 Ga. App. 94 (488 SE2d 692) (1997), we affirmed the trial court's ruling permanently enjoining Jones from foreclosing on Phillips's property. When the case returned to the Superior Court of Chatham County, Jones sought to recover on the note secured by the security deed that was previously ruled unenforceable. Cross-motions for summary judgment were filed, and the trial court granted Phillips's motion, finding that the undisputed fact of nondelivery of the note to Jones barred her from enforcing it. Jones brings this appeal. We find no error and affirm.

The facts are fully set out in our opinion in *Jones v. Phillips*, supra. Briefly, at the time the loan was made, Phillips was sharing a household with Jones's son, J. Glenn Davis, and she "may have been" his common law spouse. Id. In 1991, Jones apparently gave $90,000 to her son, a portion of which was used to purchase a house that Phillips and her siblings had inherited. The remainder of the loan was apparently used for repairs to that home. Id. Davis had a lawyer draft a note and security deed several months later, but these documents were never witnessed, notarized, recorded, or delivered to Jones. Id. Davis thereafter paid $2,000 to Jones, in the form of two checks drawn on his own bank account. Jones never requested any further payment until after Phillips filed for a divorce from Davis. Jones instituted the foreclosure proceedings, and Phillips filed the action seeking to enjoin the foreclosure that eventually resulted in our opinion in *Jones*, supra.

After our affirmance of the superior court's ruling permanently enjoining the foreclosure on the ground that the deed was not adequately executed or delivered and had not conveyed a property interest to Jones, Jones sought recovery on her counterclaim, which sought "money allegedly due on a promissory note that accompanied the debt deed." Phillips moved for summary judgment, contending that the note, like the security deed, had not been delivered to Jones and was therefore unenforceable. Jones did not respond to the motion, but filed her cross-motion for summary judgment, on the ground that Phillips had admitted her debt on the note and her intention at the time she signed it to repay it.

The trial court found that the note, like the security deed, was invalid, having never been "issued" within the meaning of OCGA § 11-3-105.

1. Jones raises two enumerations of error. We agree with Phillips that Jones's argument is not easily decipherable, nor does it appear to follow the enumeration of errors or appear to be supported by cita-

tion to the record, argument, or citation to authority, as required by Court of Appeals Rule 27. Phillips has made an effort to respond to Jones's brief, however, and we will attempt to decide this case on the merits.

2. No dispute exists that the note was never delivered to Jones. Jones admitted this fact on her deposition. OCGA § 11-3-105 provides, in pertinent part:

> (a) Issue means the first delivery of an instrument by the maker or drawer, whether to a holder or nonholder, for the purpose of giving rights on the instrument to any person. (b) An unissued instrument, or an unissued incomplete instrument that is completed, is binding on the maker or drawer, but nonissuance is a defense.

The trial court relied upon this Code section in finding that "issuance — or delivery — of a note is a prerequisite to its enforceability," and that since this note was never delivered, Jones could not enforce it.

Contrary to Jones's apparent argument, a different result is not required by evidence either that several payments were made or that when Phillips signed the note, she intended to repay it. First, the two payments were not made by Phillips but by Davis. Second, Phillips testified that she intended to repay the note when she signed it, but that before the note was delivered Davis informed her that Jones's loan had been repaid in another manner.[1] And third, Phillips's acknowledgment that she signed the note does not necessarily entitle Jones to repayment on it, just as Phillips's signature on the security deed did not authorize Jones to foreclose on the property. Delivery must be shown in order to recover on a note, even when the maker of a note admits having executed it. "Once the maker of a promissory note admits having executed the note, *production of the instrument* entitles a holder to the judgment sought unless the maker establishes a defense." (Citation and punctuation omitted; emphasis supplied.) *Commonwealth Land Title Ins. Co. v. Miller*, 195 Ga. App. 830, 833 (395 SE2d 243) (1990). See *Sawgrass Builders v. Realty Cooperative*, 172 Ga. App. 324-325 (1) (323 SE2d 243) (1984) (when signature is admitted, production of check, a negotiable instrument, entitles holder to recover barring defense).

3. We cannot consider Jones's contention that the trial court should have granted her motion for summary judgment on the theory of money had and received, because this ground was not asserted below. See *Professional Practices Comm. v. Brewer*, 219 Ga. App. 730, 732 (2) (466 SE2d 651) (1995).

---

[1] The note was allegedly repaid by Davis through a timber sale in Tattnall County.

*Judgment affirmed. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 26, 1999 —
RECONSIDERATION DENIED MARCH 16, 1999 —

*M. Francis Stubbs*, for appellant.
*Duffy, Feemster & Lewis, Dwight T. Feemster*, for appellee.