WHITE v. STOCKER.

While a wife may not become surety for her husband, nor assume his debts, nor sell her separate property to his creditor in extinguishment of his debt, yet she can borrow money and mortgage her separate property to secure its repayment, and may afterwards give the money to her husband; and if the creditor is no party to the arrangement between them, the contract with him is not void, although he does understand that the husband may have the use of the money.  If the husband induce his wife to borrow money to pay his debts, and the creditor know that she borrows it for that purpose, the contract is illegal.

April 14, 1890.

Illegality.  Husband and wife.  Verdict.  Evidence. Debtor and creditor.  Before Judge MARSHALL J. CLARKE. Fulton superior court.  September term, 1889.

Reported in the decision.

ARNOLD & ARNOLD, for plaintiff in error.

J. H. LUMPKIN, *contra*.

SIMMONS, Justice.

Mrs. Stocker foreclosed a chattel mortgage against Mrs. White. Execution was issued thereon and levied upon the property mentioned in the mortgage. Mrs. White filed an affidavit of illegality thereto, upon several grounds. The main ground insisted upon here was the 2d, as follows: The note and mortgage upon which the *fi. fa.* was issued were void, their consideration being $160.00 borrowed by deponent's husband from Mrs. Stocker through her husband, for the purpose of paying the debts of deponent's husband, which fact was well-known to Mrs. Stocker and her agent, and the money was borrowed on the contract of deponent's husband for his use and benefit, and was so used, deponent receiving no part of it nor any benefit from it, and having nothing to do with the transaction except to sign the papers as surety for her husband.

Upon the trial of the case the jury returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial upon several grounds, which was overruled by the court, and she excepted. The only grounds insisted on before us for a reversal of the judgment of the court below were the 1st, 2d, 3d and 5th. The 1st, 2d and 3d grounds were, in substance, that the verdict was contrary to law and the evidence. There was no error in refusing to grant a new trial upon these grounds. There was sufficient evidence to sustain the finding of the jury, the evidence being that the loan was to the wife and not to the husband.

The other ground insisted upon as error is the refusal of the court to give in charge to the jury the following written request: "No device or arrangement can cover up the real vice of the transaction, where the understanding of the creditor is that the money is for the husband's use. The policy of our law is, that the estate of the wife is separate, not subject to the control

or use of the husband, and no contract can bind her if the debt is that of the husband." We think the court did not err in refusing to give this request. All that part of the request which was legal, we think was sufficiently covered in the general charge on this subject which we find in the record. Besides, we are inclined to think that the first clause of the request is not sound under our law. Our code, §1783, declares that the wife "cannot bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband; and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." It will thus be seen that she is only prohibited from becoming surety to her husband, from assuming his debts, or making a sale of her separate estate to a creditor of her husband in the extinguishment of his debts, under this section. Under another section of the code (§1754), she is prohibited from selling property to her husband without the approval of the judge of the superior court. These are the only restrictions thrown around her by the law. As to all other transactions, she can act just as if she were a *feme sole.* If, therefore, she desires to borrow money and give her note secured by a mortgage, she can do so; and if she wishes, after she has borrowed the money, for her husband to use it, it does not make the contract void, although the creditor does understand that the husband may have the use of it, the creditor being no party to the arrangement between the wife and her husband. She can even give the money to him if she desires to do so. *Cain* v. *Ligon*, 71 *Ga.* 692. So we think this request to charge was too broad in the first clause thereof. Of course, if it should appear that the husband induced his wife to borrow money to pay his *debts*, and the creditor knew that she borrowed it for that purpose, the contract would be illegal.

*Judgment affirmed.*