### HILL, JONES & COMPANY *v.* COOLEY *et al.*

A married woman who as a principal joined with her husband in executing an order whereby they requested a third person, who had nothing to do with procuring the paper to be signed, to pay an individual debt of the husband, and wherein they promised to reimburse such person for so doing, became bound by the contract expressed in the writing.

Submitted October 8,—Decided October 30, 1900.

Certiorari. Before Judge Reagan. Troup superior court. May term, 1900.

*Harwell & Lovejoy*, for plaintiffs.
*W. R. Campbell* and *Longley & Longley*, for defendants.

LUMPKIN, P. J. An action was brought by Hill, Jones & Company against J. A. Cooley and his wife, in a justice's court, upon a written order, a copy of which is as follows: " Mess. Hill, Jones & Co. Please pay to Manley, Handley & Horndley the sum of seventeen dollars, $17, the amount of a note they hold against me, and I will make it all right with you all. April 29, 1898. Yours truly, J. A. Cooley, S. A. Cooley." Judgment was rendered in favor of the plaintiffs for $17, the amount sued for. Mrs. Cooley, being dissatisfied with this judgment, sued out a certiorari, which was sustained by the superior court, and the plaintiffs excepted. At the trial in the magistrate's court it appeared that the promissory note referred to in the order above set forth was one given by Cooley to the payees named in the order, for a debt which he individually owed them and for which Mrs. Cooley was not bound. It further appeared that this order was honored by Hill, Jones & Co., and that they had nothing to do with procuring Mr. and Mrs. Cooley

to sign it, the same having been obtained by one Shearer, acting in behalf of the firm in whose favor the order was drawn. The case therefore presents for decision the naked question whether or not, upon the foregoing state of facts, Mrs. Cooley was liable to Hill, Jones & Co. upon that order. There being nothing upon its face to indicate the relation of principal and surety between the husband and the wife, and no evidence even remotely tending to show that there was any understanding or agreement between Mrs. Cooley and Hill, Jones & Co. that, in executing the order, she was merely contracting as surety, she is necessarily to be regarded as a joint principal with her husband in signing the same and procuring the money advanced thereon. Accordingly, the question in its last analysis is simply this: Is a married woman who procures another to pay a debt of her husband, and who on her own account promises reimbursement for so doing, legally bound by her promise? We think this question has been settled by previous adjudications of this court. In its essence, the transaction between Mrs. Cooley and Hill, Jones & Co. was simply her borrowing money from them with which to pay Cooley's debt. If she had gone to Hill, Jones & Co. in person and procured from them a loan with which to pay this debt, expressly informing them of her intention to use the money for that purpose, and had given them her individual note for the amount they advanced to her, she would certainly have been bound to pay the note. *Chastain* v. *Peak*, 111 *Ga.* 889. It makes not a particle of difference that the obligation of Mrs. Cooley was in the form of the order sued upon rather than that of a promissory note. Nor does it matter that her husband joined her in executing the order. A husband and wife may legally enter into a joint contract or undertaking the consideration of which passes to them jointly, and in that event the wife will be bound. *Schofield* v. *Jones*, 85 *Ga.* 816. In this connection it is to be noted that Mrs. Cooley was not contracting with her husband's creditor, and therefore, in no view of the matter, could it be fairly said that she was assuming liability for his indebtedness to another.

As the judgment rendered in the magistrate's court was right, the superior court erred in sustaining the certiorari.

*Judgment reversed. All concurring, except Little, J., absent.*