JOHNSON *v.* LEFFLER COMPANY.

FISH, P. J. 1. While a wife can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, nor sell her property in extinguishment of his indebtedness, she may nevertheless, upon her own responsibility and voluntarily, enter into a contract for borrowing money and give her note therefor and a mortgage upon her property to secure its payment, and such a contract will be binding on her though the party with whom she contracts may know sne intends to use the borrowed money for her husband's benefit. But a contract based on a mere colorable transaction to which the lender is a party, the purpose of which is to make the wife her husband's surety, will not be enforced against her. *White* v. *Stocker*, 85 *Ga.* 200; *McCrory* v. *Grandy*, 92 *Ga.* 319; *Nelms* v. *Keller*, 103 *Ga.* 745; *Chastain* v. *Peak*, 111 *Ga.* 889; *Hill* v. *Cooley*, 112 *Ga.* 115. The intimation in the first headnote in *McCrory* v. *Grandy*, supra, that a wife can not bind her separate estate by voluntarily and in good faith contracting to borrow money for the use of her husband, is obiter, as the point was not involved in that case. Moreover it is not referred to in the opinion.

2. The court, in the present case, instructed the jury in accordance with the principles above announced.

3. Even if the evidence were sufficient to authorize a finding that the wife was coerced and induced to execute the note and mortgage by reason of threats made to her by her husband, there was no evidence that the payee and mortgagee had notice of such threats at the time he made the loan for which the note and mortgage were given; therefore, on the issue as to duress, a finding in his favor was demanded. See *Pate* v. *Allison*, 114 *Ga.* 651.

4. The license from a municipality to the husband to carry on a business in his own name, issued three months subsequently to the making of the note and mortgage by his wife for borrowed money, was properly held to be irrelevant as to any issue in the case, and therefore inadmissible in evidence.

5. The instructions to the jury, complained of generally in the seventh ground of the motion for a new trial, contained two distinct propositions of law, one of which at least is correct. Accordingly, the general assignment of error was not good. *Anderson* v. *Southern Ry. Co.*, 107 *Ga.* 500.

6. None of the instructions complained of were open to the objection that they were not authorized by the evidence, or that the court therein expressed or intimated an opinion as to what had or had not been proved.

7. The court may properly propound questions to a witness on the stand, with a view to elicit the truth of the case; and if in such examination the court does not express or intimate an opinion as to the credibility of the witness, or as to what has or has not been proved, the mere fact that competent testimony of the witness so elicited may be detrimental to the interest of a party will not be cause for granting him a new trial. The questions which the court asked the witness, as set out in the motion for a new trial in the present case, were not calculated to impress the jury with the idea that the judge believed the party who gained the case in the court below should prevail.

8. The mistake of a witness will not be cause for a new trial, unless it appears that a correction of it would cause a different verdict to be rendered at

another hearing.    A fortiori, a new trial will not be granted when it does not affirmatively appear that the witness did make a mistake.    *Davis* v. *Bagley*, 99 *Ga.* 142.    On the trial of the present case, a witness for the prevailing party testified that the other party signed an affidavit in his presence, to the effect that she was borrowing the money, for which the note and mortgage in the case were given, solely for her own use ; that he officially witnessed the paper, and his recollection was that she read it and swore to its contents.    Subsequently to the trial this witness made an affidavit that he " is reasonably certain and sure that he did not administer an oath to [her] when she signed the paper or affidavit, . . and deponent can not say that she read said paper or had it read to her, or that she knew the contents of it."    *Held*, that the alleged mistake of the witness was not cause for a new trial.

9. The evidence warranted the verdict, and the court did not err in refusing a new trial.              *Judgment affirmed.    All the Justices concur.*

Argued March 10,—Decided March 27, 1905.

Equitable petition.    Before Judge Cann.    Chatham superior court.    January 3, 1905.

*J. L. Bankston*, for plaintiff.    *Jacob Gazan*, for defendants.