### 7244.  WIMPEE v. McHENRY & PORTER.

BROYLES, J.  1.  While, under the laws of this State, a wife can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband (Civil Code, § 3007), yet she may, upon her own responsibility and voluntarily, enter into a contract with another to render services for her husband and for his benefit, and from which she may receive no personal benefit; and for the value of such services she may be held liable under her contract. *White* v. *Stocker*, 85 *Ga.* 200 (11 S. E. 604) ; *Hill* v. *Cooley*, 112 *Ga.* 115 (37 S. E. 109) ; *Johnson* v. *Leffler Co.*, 122 *Ga.* 670 (50 S. E. 488).

2. A clear-cut issue of fact was presented by the evidence in this case, to wit, whether the defendant did or did not contract with the plaintiffs (a firm of attorneys) to have them perform legal services for her husband, and to pay for such services herself; and the jury resolved this issue in favor of the plaintiffs.

3. Viewed in the light of the note of the judge, qualifying his approval of the grounds of amendment to the motion for a new trial, it was not error for the court to charge the law of suretyship.

4. There is no substantial merit in any of the other grounds of the amendment to the motion for a new trial.

5. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.                    *Judgment affirmed.*

DECIDED JULY 27, 1916.

Complaint; from city court of Floyd county—Judge Nunnally. January 6, 1916.

*W. M. Henry*, for plaintiff in error.    *L. H. Covington*, contra.