*D. H. Clark,* contra.

---

### 11252.   DEITCH *v.* BEARO.

STEPHENS, J.   1. The contract sued on — that of a married woman — is not void as being a contract to pay a debt of her husband, even though made by her for the purpose of paying his debt and though this purpose was known to the plaintiff, it not appearing that the plaintiff was a creditor of the husband or had anything to do with any arrangement or scheme between the husband and the wife for the payment of the husband's debt. *White* v. *Stocker,* 85 *Ga.* 200 (11 S. E. 604); *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (50 S. E. 488).

2. The evidence authorized the verdict for the plaintiff, and it was not error to overrule the defendant's motion for a new trial.

        *Judgment affirmed.   Jenkins, P. J., and Hill, J., concur.*

        DECIDED JANUARY 20, 1921.

Complaint; from Fulton superior court — Judge Ellis.   October 25, 1919.

Aslan Bearo sued Dora Deitch for $1,140 and interest, alleging that he lent to her $1,200, and received back $60.   In her answer she admitted that she borrowed $200 from him and that he was entitled to recover $140, but denied any further indebtedness.   On the trial the plaintiff testified that he lent to the defendant $1,200, of which he delivered $200 to her and $1,000 to her husband in accordance with her direction, she promising that she would mortgage certain property to him as security, that afterwards she refused to give the mortgage and refused to repay more than the $60 credited to her; that before he lent the $1,000 she came to him and told him that her husband had some beer in the depot and he had to take the beer out, and she wanted $1,000; he knew this $1,000 was going to the husband to help the husband out in business, and she told him to let her husband have the money, and the next day the husband went with him to the bank where the money was on deposit and got it.   The defendant testified that she borrowed from the defendant $200, but denied that she borrowed $1,000 or asked the plaintiff to let her have $1,000.   The defend-

ant's husband, in his testimony, denied that he got any money from the plaintiff. The plaintiff's wife testified that she heard the defendant apply to the plaintiff for a loan of $1,000 and offer to give a mortgage to secure it. On the trial it was contended on the part of the defendant that if she did borrow the $1,000, the plaintiff's evidence showed that it was for payment of a debt of her husband, and she could not be held liable for it. The verdict was for the plaintiff, and the defendant made a motion for a new trial, on the grounds that the verdict was contrary to law, evidence, etc.

*R. B. Blackburn,* for plaintiff in error.

*Key, McClelland & McClelland,* contra.