13958.   SWINT *v.* MILNER BANKING CO., for use, etc.

STEPHENS, J.  1. While the law prohibits a married woman from binding her separate estate by any contract of suretyship or (which is the same thing) by any pledge of her separate estate to secure the debt of another, she may nevertheless voluntarily and upon her own responsibility borrow money and make a legal pledge of her separate estate as security for the repayment of the loan, and make a gift to her husband of the money thus obtained, although the lender at the time knows that she

intends to give the money to her husband to be used by him for his own benefit, and the lender actually delivers the money to the husband with the wife's consent, provided that the transaction is not a mere colorable scheme to which the lender is a party for the purpose of making the wife a surety for the husband's debt. And while the law also prohibits a married woman from assuming the debts of her husband or from selling any of her separate estate to a creditor of her husband in extinguishment of his debts, the transaction is not for either reason illegal, although the lender knows that the money thus obtained by the husband is to be used by the husband in payment of his existing debts due to another, provided the lender is no party to any scheme or arrangement between the husband and wife by which the money is to be used by the husband for such purpose. If, however, the loan is made to the husband and credit is extended to him, the transaction is one of suretyship by the wife, and for that reason is illegal and unenforceable against the wife. Civil Code (1910), § 3007; *Rood* v. *Wright*, 124 *Ga.* 849 (53 S. E. 390); *Johnson* v. *Leffler Co.*, 122 *Ga.* 670 (50 S. E. 488); *Chastain* v. *Pcak*, 111 *Ga.* 889 (36 S. E. 967); *Nelms* v. *Keller*, 103 *Ga.* 745 (30 S. E. 572); *White* v. *Stocker*, 85 *Ga.* 200 (11 S. E. 604); *Deitch* v. *Bearo*, 26 *Ga. App.* 117 (105 S. E. 625). This being a suit by the lender against a wife to foreclose a mortgage given by her to the lender, where the wife defends upon the ground that the mortgage and the note secured thereby were executed by her for the purpose of securing a debt of her husband, and the evidence adduced upon the trial presenting the issues above indicated, the charge of the court, in so far as it was in accordance with the above rulings, was not error.

2. There being no evidence of any probative value that the indebtedness which the husband owed to others was owed by him as agent for his wife, and that therefore the money was borrowed for the purpose of paying the debts of the wife, such evidence being mere declarations by the agent, the law adjusted to such hypothesis should not have been given in charge to the jury.

3. Declarations of an agent, although made as part of the res gestæ of the transaction, are not competent, standing alone, to prove agency, and the charge being susceptible of this construction, and moreover not being adjusted to the evidence, was harmful error. Civil Code (1910), § 3606. *Franklin Lumber Co.* v. *Grady County*, 133 *Ga.* 557 (66 S. E. 264). And there being some evidence of a declaration by the husband that he was agent for his wife in running a mercantile business, although not part of the res gestæ, and it being inferable from the evidence that if he was such agent the money was obtained by him for the wife and for the purpose of paying her debts and not his, such erroneous charge was for this additional reason harmful to the defendant.

4. It being inferable from the evidence that the money, if borrowed by the wife and upon her own responsibility, was given to the husband, a charge as to the right of a married woman to give her property to her husband was not error.

5. This being a foreclosure of a mortgage on real estate, upon which a rule nisi was issued, returnable upon a certain date, which date is to be treated as "return day" for the purpose of determining the plaintiff's

right to recover attorney's fees provided for in the note, and the plaintiff having given the notice required by law as a condition precedent to recover such attorney's fees, an instruction to the jury that the plaintiff was entitled to so recover on recovering the principal, was not error. See, in this connection, Civil Code (1910), § 3276; *Davenport* v. *Richards*, 138 *Ga.* 611 (75 S. E. 648); *Watters &c. Co. Inc.* v. *O'Neill*, 151 *Ga.* 680 (108 S. E. 35).

6. A verdict having been rendered for the plaintiff, and the judge having erred as indicated above, it was error to overrule the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
DECIDED SEPTEMBER 21, 1923.

Foreclosure of mortgage; from Lamar superior court — Judge Searcy. June 10, 1922.

*Dobbs & Barrett,* for plaintiff in error.

*E. F. Dupree, E. J. Reagan,* contra.