### 14899. HOPKINS *v.* KING.

STEPHENS, J. 1. Where a married woman executed a promissory note jointly with her husband for borrowed money paid to the husband, a written statement made by her to the payee at the time of the execution of the note and before the payment of the proceeds to the husband, that "she was making the loan for her own uses," and that the note was not given as a security for the debt of the husband, was evidence which would authorize the inference that she, when executing the note, did not in fact do so as surety for the husband, but did so as her own original undertaking, and that when the husband received the proceeds of the note he did so as agent for the wife. This is true although the entire proceeds of the note were received by the husband and applied by him to his exclusive benefit. The ruling here made is not in conflict with *Dobbins* v. *Blanchard,* 94 *Ga.* 500 (21 S. E. 215). If it is in conflict with paragraph 3 of that decision, it is nevertheless supported by the authority of the act of 1826, as codified in the Civil Code (1910), § 3556, which act was not referred to in *Dobbins* v. *Blanchard;* and it is also supported by previous decisions of the Supreme Court in *Schofield* v. *Jones,* 85 *Ga.* 816 (11 S. E. 1032); *Higdon* v. *Bailey,* 26 *Ga.* 426; *Bank of St. Marys* v. *Mumford,* 6 *Ga.* 44, and by *Seymour* v. *Bank,* 157 *Ga.* 99 (121 S. E. 578). The ruling here made is also not inconsistent with paragraph 5 of the syllabus in *Dobbins* v. *Blanchard,* when that paragraph is construed in the light of the entire decision.

2. There was no error in casting the burden of proof upon the defendant, who in her plea had admitted the execution of the note and set up the defense of suretyship for the debt of her husband.

3. In a suit by the creditor against the wife, the court erred in directing a verdict for the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 22, 1924. REHEARING DENIED OCTOBER 4, 1924.

Complaint; from city court of Brunswick—Judge Butts.  September 28, 1922.

Application for certiorari was granted by the Supreme Court.

*Krauss & Strong, J. T. Colson,* for plaintiff.

*R. D. Meader,* for defendant.