### KING *v.* HOPKINS.

1. On an issue of fact as to whether a married woman made a note as surety for her husband, a written statement given by her at the time of the transaction, to the effect that she was not a surety but a co-principal, contradicting her testimony at the trial, made a question for the jury.

2. A judgment reversing a direction of a verdict was correct.

No. 4595. JANUARY 17, 1925. REHEARING DENIED FEBRUARY 20, 1925.

Certiorari; from Court of Appeals. 32 *Ga. App.* 698.

*R. D. Meader,* for plaintiff in error.

*Krauss & Strong* and *J. T. Colson,* contra.

GILBERT, J. H. M. King Jr. and Alma W. King, husband and wife, executed a promissory note as joint makers, indorsed by D. W. Krauss, payable to J. Hunter Hopkins, for the sum of $750, due three months after date. In evidence submitted for the plaintiff was a written instrument executed by Mrs. King and presented to the payee of the note, reciting as follows:

"Mr. J. Hunter Hopkins, Brunswick, Ga.

"Dear Sir:—I have today given you note for $750.00, due in three months, signed by myself and H. M. King Jr., as makers. Please accept this writing as a statement from me that I am making this loan for my own uses, and the said note is not given as security

for an obligation of my husband, H. M. King Jr., one of the makers of said note. Respectfully, Alma W. King."

After the maturity of the note the payee brought suit against the makers and the indorser of the note. Mrs. Alma W. King denied liability, contending that she signed, not as a joint maker or coprincipal, but as security for her husband. Upon this issue she assumed the burden of proof. On the trial she testified in accordance with such plea, and also that she did not receive any of the money, but that on the contrary all of the money was received by and expended for the benefit of H. M. King Jr. The court directed a verdict against H. M. King Jr., and D. W. Krauss, but directed a verdict in favor of Mrs. Alma W. King. Hopkins sued out writ of error to the Court of Appeals on the grounds: (a) that the court should not have directed a verdict for Mrs. King, but should have submitted the case, upon the pleadings and the evidence, to the jury for determination, and that the verdict directed was not the only verdict that would have been authorized under the pleadings and the evidence in the case. (b) That there was a conflict in the evidence, raising questions of fact, which, under the law, should have been submitted to the jury. (c) That the evidence, with all reasonable deductions and inferences therefrom, did not demand a verdict for Alma W. King. (d) That under the facts alleged and shown by the evidence a verdict was demanded against the said Alma W. King, as well as the other defendants. The Court of Appeals reversed the judgment of the trial court, on the ground that the court erred in directing a verdict for the defendant. Thereupon Alma W. King filed in this court a petition for certiorari, which was granted.

1. The evidence was conflicting as to whether Alma W. King was a coprincipal with her husband, or whether she was merely a surety for her husband. In all cases where the wife defends in a suit of this kind on the ground that she was merely a surety for her husband, the issue of fact thus raised must be decided by the evidence, in order to determine whether the allegations of her plea are true; and where a statement made by the wife at the time of the transaction, to the effect that she was not a surety but a coprincipal, is introduced in evidence, contradicting her evidence on the trial, the same raises an issue of fact which must be determined by the jury.

44

2. Without deciding whether the Court of Appeals properly construed the decisions of the Supreme Court cited (32 *Ga. App.* 698), we hold that the judgment rendered by the Court of Appeals is not erroneous.

*Judgment affirmed. All the Justices concur.*