## 17811.　HARRELL v. SWIFT & COMPANY.

JENKINS, P. J.　1. Where a joint note is executed by husband and wife
for fertilizers which by the terms of the instrument are to be used
on certain lands in a named county, which the proof shows belong to

Husband and Wife, 30 C. J. p. 889, n. 41 New.
Partnership, 30 Cyc. p. 592, n. 22.

the wife, and upon certain other lands lying in another county, which the proof shows belong to the husband, but where the instrument in no wise indicates any proportion of distribution for the fertilizer, the wife, in the absence of a showing of an existing partnership between her and the husband, is bound only to the extent of so much of the consideration as she afterwards in fact received. *Dobbins* v. *Blanchard*, 94 *Ga.* 500 (21 S. E. 215). While it is true that she might receive her portion of the consideration herself or through her husband as her duly authorized agent, still where it in fact appears that the entire fertilizer was delivered to the husband, not as agent, but as one of the contracting parties, and was applied by him solely to his own use, and that he did not employ any of the fertilizers for the use and benefit of his wife, under the principle stated above she can not be held liable for the whole consideration of the note, or for any portion thereof thus received and appropriated by the husband.

2. Although the husband testified that he managed and controlled the land belonging to the wife, there is no sort of testimony going to indicate a commingling of interests or profits such as might indicate a partnership. Accordingly, the court erred in charging the law of partnership.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JULY 13, 1927.

Complaint; from city court of Bainbridge—Judge Spooner. November 29, 1926.

*R. G. Hartsfield,* for plaintiff in error.

*J. C. Hale, Tye, Peeples & Tye,* contra.