21537.  FRANKLIN CARS INCORPORATED *et al. v.*
HORTON *et al.*

DECIDED FEBRUARY 16, 1932.

*Cobb & Bright,* for plaintiff in error.
*McIntire, Walsh & Bernstein,* contra.

LUKE, J.  Franklin Cars Incorporated caused summons of garnishment to issue, directed to Chicago Bridge & Iron Works, in an action in the city court of Savannah against John Wise. Service of this summons, according to the return of service by A. B. Conner, deputy sheriff, was made "upon Chicago Bridge & Iron Works by handing the original of the same to John G. Arnold in person, he being in charge of the office and business of Chicago Bridge & Iron Works at the time of service." Upon the failure of the garnishee to answer, judgment was rendered by default against the garnishee for $325 and costs.  Subsequently the garnishee filed a petition traversing the return of service and averring that at the time of the alleged service there was no one in the garnishee's employ by the name of John G. Arnold, and that the summons of garnishment had never been served upon the garnishee; and moved the court to set aside the judgment.  The sheriff and his deputy who made the purported service were made parties and answered the petition.  Upon the trial, evidence having been introduced in support of the allegations of the petition, and the petitioner having rested, the respondents then offered the evidence of the two officers, the sheriff and his deputy, who testified that they "went together to the Mexican Petroleum Plant near Savannah, and at the gate asked where the office was, and that the gatekeeper walked off some 200 yards to a little frame building near the pump-house;" that they proceeded to that building and found two men in the office; that they asked where the boss was and were informed by one of the men that he was out, and that

when asked who was in charge the man stated that he was; and that his name was John G. Arnold; and that the summons of garnishment was then handed to him. Upon an objection interposed by petitioner, on the ground that the testimony of the officers, so far as it was offered to prove agency upon the part of persons upon whom the service was obtained, was hearsay, and that the fact of agency could not properly be shown by the declaration of the agent, the court ordered stricken the testimony as to the statement of Arnold that he was in charge of the office, and upon further motion directed a verdict sustaining the traverse.

In the absence of any prima facie proof of agency on the part of Arnold, or of any circumstances from which such agency upon his part could reasonably be implied, a verdict sustaining the traverse of the return of service of the summons was demanded by the evidence. It is well settled in this State that the declaration of the alleged agent, standing alone, without other evidence of a corroborative nature, is insufficient to establish the fact of agency. In this case the only evidence offered to establish the fact of agency is the bare statement of the person served that he was in charge of the office,—assuming that the office referred to was that of the garnishee and not the office of the Mexican Petroleum Plant or of some other company, as, perhaps, we are not entitled to assume from the record as it stands. Under the authority of *Swint* v. *Milner Banking Co.*, 30 *Ga. App.* 733 (3) (119 S. E. 336), citing § 3606 of the Civil Code (1910), we are of the opinion that the trial judge did not err in this case in directing a verdict as indicated.

*Judgment affirmed.* *Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*