22673.  EVANS *et al. v.* JONES.

DECIDED AUGUST 18, 1933.

*J. D. Hughes,* for plaintiffs in error. *L. U. Bloodworth,* contra.

SUTTON, J. ■ This was a suit on a promissory note, against a husband and wife, who had signed the note as apparent makers. The wife defended on the ground that she signed it as surety only. The court admitted, over objection of the defendants, the following testimony of the plaintiff: "I told Mr. Evans I would let Mrs. Evans have the loan if he would sign with her. I explained to both of them that I would have to make the loan to Mrs. Evans, if they were going to borrow the money." "The action being upon a joint promissory note made by husband and wife, evidence that in point of fact the credit was given to the wife only is not competent. This would contradict the written contract on which the action is founded." *Dobbins* v. *Blanchard,* 94 *Ga.* 500 (3) (21 S. E. 215). This ruling is not to be construed as holding that the payee of a note signed by husband and wife can not testify that the wife signed as a principal, where she makes the defense that she signed as surety only. This ruling is not in conflict with the ruling made in *Hopkins* v. *King,* 32 *Ga. App.* 698 (124 S. E. 367),

and cases referred to therein. In those cases it was held that parol evidence was admissible to show that an apparent maker of a note was in fact only a surety, which principle is laid down in the Civil Code (1910), § 3556.

■ The court charged the jury that in Georgia "ordinarily" a wife can not stand security or give her property up in payment of her husband's debts. This charge was inaccurate and erroneous. The law in this State is that the wife can not bind her separate estate by "any contract of suretyship, nor by any assumption of the debts of her husband." Civil Code (1910), § 3007.

■ From the evidence adduced on the trial of this case the jury were authorized to find that the husband went to see the plaintiff about borrowing some money for himself; that he told the plaintiff that he owed a loan company a certain sum; that he would give the plaintiff the same indorsers he had with the loan company; that the plaintiff told him that would not be necessary, but to get his wife to sign the note with him; that the plaintiff went to the home of the husband and wife the next day, and looked at the household furniture, which was the separate property of the wife, and told the husband and wife to come down to his office and sign the papers; that they went to the plaintiff's office and signed a joint note, and the wife signed a bill of sale to the furniture to secure the note; that the plaintiff made the amount of the loan enough to cover the money due the loan company, which had a lien on the furniture; that this was the debt of the husband; and that the plaintiff made two checks payable to the wife, one of which he had her indorse over to the loan company to cancel that indebtedness, and the other he turned over to her, which she turned over to the husband. The trial resulted in a verdict in favor of the plaintiff. *Held:*

(*a*) While a married woman, who as a principal joined with her husband in executing a note, whereby they requested a third person, who had nothing to do with procuring the note to be signed, to pay an individual debt of the husband with a part of the proceeds of the note and to turn the remainder over to the husband, and wherein the married woman mortgaged her separate estate to secure such note, may be bound by the obligation so signed by her (*Hill* v. *Cooley,* 112 *Ga.* 115, 37 S. E. 109; *Nelms* v. *Keller,* 103 *Ga.* 745, 30 S. E. 572), still an obligation signed by a wife, based

on a mere colorable transaction to which the lender is in effect a party, the purpose of which is to make the wife her husband's surety, will not be enforced against her. *White* v. *Stocker,* 85 *Ga.* 200 (11 S. E. 604); *McCrory* v. *Grandy,* 92 *Ga.* 319 (18 S. E. 65); *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (50 S. E. 488). As to money obtained by a husband on the joint credit of himself and wife and applied to his own use, he is the real primary debtor, and the wife is in the position of a surety. *Dobbins* v. *Blanchard,* supra; *McRitchie* v. *Atlanta Trust Co.,* 170 *Ga.* 296 (6-*b*), 310 (152 S. E. 834).

(*b*) The court charged the jury that if the husband and wife went to the lender and jointly got the money on the strength of the wife's application for the loan, she would not be relieved, but would be liable "regardless of where the money went." The court also charged that the wife may voluntarily enter into a contract for borrowing money and give her note and mortgage her separate property therefor, although the party with whom she contracts may know she intends to use the borrowed money for her husband's benefit. These instructions were inaccurate and erroneous when applied to the facts of this case.

■ Applying the principles ruled above, the superior court erred in dismissing the certiorari, whereby the defendants complained of the verdict and judgment against them in the municipal court of Macon. *Judgment reversed. Stephens, J., concurs.*

JENKINS, P. J., concurs in the judgment, but dissents from the ruling stated in the first paragraph of the decision.