25172. DANIEL *v.* G. OBER & SONS COMPANY.

JENKINS, P. J. 1. On a plea of non est factum by the defendant wife, in a suit by the payee on a promissory note purporting to be signed by her and her husband, as conceded in the brief of counsel for the wife, the evidence is conflicting, and "there is some evidence to support the finding of the jury" that the wife signed the instrument.

2. While the verdict in favor of the plaintiff was for only $500 of the $648.48 balance of principal sued for, with interest, the defendant can not complain merely because the verdict was smaller than the plaintiff's theory of liability would have authorized.

3. Where a joint note is executed by a husband and wife for a consideration of money or goods afterwards to be advanced or furnished by the payee, in the absence of a partnership undertaking between husband and wife, "the wife is bound only to the extent of so much of the consideration as she afterwards receives." *Dobbins* v. *Blanchard*, 94 *Ga.* 500 (21 S. E. 215) ; *Harrell* v. *Swift*, 37 *Ga. App.* 73 (138 S. E. 916). If, with the knowledge of the payee, the entire consideration is to go only to the husband, and passes only to him, the husband "is the real primary debtor, and the wife, [being] in the position of a surety," is not liable for any part of the joint note. *McRitchie* v. *Atlanta Trust Co.*, 170 *Ga.* 296, 310 (152 S. E. 834) ; *Evans* v. *Jones*, 47 *Ga. App.* 351 (3), 353 (170 S. E. 541). The fact that on the subsequent death of the husband some part of or benefit from the consideration, which had been received entirely by him from the payee, may accrue to the wife under an allowance to her of a year's support from the husband's estate, will not alter the rule. But where the husband and wife, in a partnership or joint undertaking, unite their credit in the execution of a joint note, and the money, goods, or other consideration passes to them jointly without division, they are both liable as joint debtors for the full amount of the note. *Schofield* v. *Jones*, 85 *Ga.* 816 (2), 823-825 (11 S. E. 1032) ; *Braswell* v. *Federal Land Bank of Columbia*, 165 *Ga.* 123

(4) (139 S. E. 861), and cit.; *McRitchie* v. *Atlanta Trust Co.*, supra; *Harden* v. *Harden*, 26 *Ga. App.* 192, 196 (105 S. E. 869). Accordingly, where a joint and several note was executed in consideration of fertilizer to be delivered by the payee, and with its knowledge through its agent, some of the fertilizer was to be used on land owned by the husband individually, some on land owned by the wife individually, and some on land owned and operated by the husband and wife jointly, the wife would not be liable for the payment of the fertilizer used by the husband on his individual land. She would, however, not only be liable for that used on her own individual land, but equally liable with him for the full amount of the part used in their partnership or joint undertaking on the land jointly owned and operated.

4. In the instant case the sworn plea of the wife set up that $112.94 was the amount due for the fertilizer used on her individual farm; that an additional $169.55 represented "one-half" of the amount for the fertilizer used on the farm owned jointly; that she had previously paid to the plaintiff these sums, amounting to $282.49, which was credited on the note; and that she was not liable for any part of the balance of the note, representing the cost of fertilizer used on the land of the husband. Under the foregoing rulings, this plea, and the evidence, a verdict was demanded in favor of the plaintiff for $169.55 and interest thereon from the date of maturity of the note, which principal amount, under the sworn plea and the testimony of the wife, represented the remaining and unpaid half of the fertilizer used on the land owned and operated jointly. But a verdict was also demanded in favor of the wife as to the balance of the amount sued for. If this illegal portion of the verdict and judgment against the wife be written off at or before the time when the judgment of this court is made that of the trial court, the judgment is affirmed; otherwise it is reversed. The case being controlled by the ruling made on the general grounds, it is unnecessary to deal with the special grounds attacking charges of the court on rules of liability affecting the wife.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 25, 1936.

*P. M. Anderson,* for plaintiff in error. *R. M. Girardeau,* contra.