PURDUE *v.* BARBER.

ATKINSON, Justice. A married woman applied to a company for an individual loan, offering her separate realty as security. The company, discovering that the applicant held the realty under a voluntary deed from her husband, executed shortly before suit against him by his creditor, and that judgment had been obtained in the suit on which an execution had issued, refused to make the loan except on the joint note and security deed of the husband and wife after the execution had been paid off by funds other than proceeds of the loan. In order to comply with these conditions imposed by the company, the husband and wife executed a joint note and deed conveying the realty as security for the loan. The amount was advanced by one check issued to a stranger who had paid off the execution under an agreement with agents of the company in the presence of the husband, for reimbursement out of proceeds of the loan, and another check issued to the wife for the balance of the proceeds of the loan. *Held:*

1. "'A married woman may borrow money for the purpose of paying debts of her husband, and give her note and mortgage therefor; and such a' contract will be binding upon her, although the lender may know, at the time the loan is made, that she is borrowing it for this purpose, if he is not the husband's creditor who is to be thus paid, and is no party to any arrangement or scheme between the husband and wife of which the borrowing of the money by her for such purpose is the outcome.' *Braswell* v. *Federal Land Bank of Columbia*, 165 *Ga.* 123 (3) (139 S. E. 861), and cit.; *Saxon* v. *National City Bank of Rome*, 169 *Ga.* 784 (2) (151 S. E. 501). . . 'A husband and wife may legally enter into a joint contract or undertaking the consideration of which passes to them jointly, and in that event the wife will be bound.'" *Roan* v. *Union Central Life Insurance Co.*, 181 *Ga.* 335 (182 S. E. 21). See *Phillips* v. *Smith*, 175 *Ga.* 108 (2) (165 S. E. 108); *Edwards* v. *Warnell*, 177 *Ga.* 469 (170 S. E. 365). The wife was seeking the loan for her own use. It is inferable that discovery of the voluntary deed from the husband and the junior judgment against him caused the company to require that he join with the wife as maker of the note and security deed, and pay off the execution. The lender was not the antecedent creditor, nor could he derive any advantage from discharge of the execution, except such as would flow from removal of a cloud upon the title in order that it might be acceptable as security for the loan. These facts do not show an illegal transaction to induce the wife to become security for another, or to pledge her separate property for the debt of her husband, or furnish ground for the wife to avoid the contract.

2. Title acquired by a purchaser of the realty at a sale under a power contained in the security deed was not affected by assertion of claims by the wife as indicated above, although the purchaser had notice thereof.

3. In a suit in ejectment by the purchaser of the realty at such sale against the wife to recover the land, the evidence, showing the case to be substantially as indicated above, authorized a verdict for the plaintiff.

4. The judge did not err in overruling the defendant's motion for a new trial based on the general grounds.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 11757. JUNE 17, 1937.

514

*Lamar C. Rucker,* for plaintiff in error. *Abit Nix,* contra.