## 33371.   GARRARD v. McCASKILL.

DECIDED MARCH 16, 1951.

J. D. Godfrey, Casey Thigpen, for plaintiff in error.

T. A. Hutcheson, contra.

WORRILL, J.  In this case the plaintiff in error contends that the trial court erred in overruling the demurrer to the petition, because the husband is the head of the family, is liable for his own debts and the debts contracted in the support of his family. The defendant in error contends that the wife became liable for the services furnished to her husband by virtue of an original undertaking on her part to pay for the services ordered.  The allegations show that the defendant's husband was ill in a sanitarium, that she employed the defendant, a nurse, to nurse him, and that the defendant nursed her husband.  The grounds of the demurrer are without merit.  It is the law in Georgia that a married woman may, as an original undertaker, become liable for services furnished to her husband, even though she received no personal benefit therefrom.  See *Wimpee* v. *McHenry,* 18 *Ga. App.* 475 (1, 2) (89 S. E. 607), holding: "While, under the laws of this State, a wife can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband (Civil Code, § 3007), yet she may, upon her own responsibility and voluntarily, enter into a contract with another to render services for her husband and for his benefit, and from which she may receive no personal benefit; and for the value of such services she may be held liable under her contract.  *White* v. *Stocker,* 85 *Ga.* 200 (11 S. E. 604); *Hill* v. *Cooley,* 112 *Ga.* 115 (37 S. E. 109); *Johnson* v. *Leffler Co.* 122 *Ga.* 670 (50 S. E. 488)."  Also, see *Stafford* v. *Birch,* 189 *Ga.* 405 (1) (5 S. E. 2d, 744), and *Freeman* v. *Coleman,* 86 *Ga.* 590 (12 S. E. 1064), to the effect that a married woman is bound on a contract which is an original undertaking on her part.  It was said in *Freeman* v. *Coleman,* supra: "It is too well settled, both by our statute and repeated adjudications, to require further discussion, that a married woman can not be bound by a contract of suretyship, but it may now be considered as settled that she may, upon her own responsibility, purchase goods for the benefit of another and execute notes and mort-

gages to secure the same; and when she does this, she is bound by her contract."

The petition set out a cause of action, and the court did not err in overruling the demurrer to the petition.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*