40177.   COHEN v. GOTLIEB.

DECIDED JUNE 28, 1963.

T. Blake Jackson, Robert S. Dennis, for plaintiff in error.
Harold Karp, A. Tate Conyers, contra.

FELTON, Chief Judge. "Where the wife signs the note as an apparent principal, the burden is on her to prove that she signed as surety only, and that the payee of the note, with knowledge of the facts which would constitute her a surety, contracted with her as a surety." Lovelady v. Moss, 50 Ga. App. 652, 653 (179 SE 168); Dye v. Richards, 210 Ga. 601, 602 (81 SE2d 820), and cases cited. We think that the assumption that the defendant signed as a maker, arising from her signature on the face of the note under that of her husband without any designation of the capacity in which she signed, could be found to have been rebutted by the evidence in the case. The note, attached as an exhibit, stated that "I promise to pay, etc.", rather than we promise. The defendant's husband was the one who gave the plaintiff the checks and to whom the plaintiff gave the money. The plaintiff testified that Mr. Gotlieb offered him a number of post-dated checks on his business checking account to secure a loan, but that the plaintiff refused to accept the checks alone, insisting that "I rather have a note and agreement with he [sic] and his wife and, of course, he and his wife both then, of course,

to make the payments *to back up the checks.* That was the whole agreement. So when he brought the note over I saw both of them signed it, went to the bank, took the money out, and paid it to them." (Emphasis supplied.) This evidence would support the theory that the plaintiff regarded the checks as the primary obligation, the note being security to "back up the checks." On the other hand, the plaintiff testified that his reason for insisting upon the defendant's signature on the note was his understanding that it was a family business. The evidence being conflicting, the judge was authorized to make the finding, based upon the foregoing evidence, that Mr. Gotlieb was the principal on the note and that the defendant, whose signature was affixed only upon the plaintiff's insistence, was merely a surety.

The general rule in this State as to a wife's suretyship is that she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband. *Code* § 53-503. "Where a joint note is executed by a husband and wife for a consideration of money or goods afterwards to be advanced or furnished by the payee, in the absence of a partnership undertaking between husband and wife, 'the wife is bound only to the extent of so much of the consideration as she afterwards receives.' *Dobbins v. Blanchard,* 94 Ga. 500 (21 SE 215); *Harrell v. Swift,* 37 Ga. App. 73 (138 SE 916)." *Daniel v. G. Ober & Sons Co.,* 52 Ga. App. 691 (3) (184 SE 439). The evidence as to whether or not the defendant was a partner in the business consisted of her testimony that her husband owned the business; that she had helped him "a few hours a day" during his lifetime; that she had had no financial interest in the business and never received a salary therefrom. Concerning receipt of any consideration of the note, the defendant testified that she had written only one check—for her personal clothing—on the business bank account in which the loan had been deposited; that she never received any of the proceeds of the loan; that she claimed year's support and took possession of the business after her husband's death. "The fact that on the subsequent death of the husband some part of or benefit from the consideration, which had been received entirely by him from the

payee, may accrue to the wife under an allowance to her of a year's support from the husband's estate, will not alter the rule." *Daniel v. G. Ober & Sons Co.*, supra, (3). "If, with the knowledge of the payee, the entire consideration is to .go only to the husband, and passes only to him, the husband 'is the real primary debtor, and the wife (being) in the position of a surety,' is not liable for any part of the joint note. *McRitchie v. Atlanta Trust Co.*, 170 Ga. 296, 310 (152 SE 834); *Evans v. Jones*, 47 Ga. App. 351 (3), 353 (170 SE 541)." *Daniel v. G. Ober & Sons Co.*, supra, (3). Although the plaintiff may not have had actual notice of the fact that the defendant was not a partner in her husband's business and that the entire consideration was to go only to the husband, the evidence shows that he had sufficient notice under the law. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." *Code* § 37-116. The plaintiff testified that, based solely on information received from his brother, he understood that the defendant and her late husband ran the business together as a "family business," although he hardly knew Mr. Gotlieb, never saw the defendant until after her husband's death, and made no investigation as to her interest in the business.

In ruling on the general grounds of a motion for a new trial, the judgment on a trial without a jury will not be disturbed where it is supported by some evidence. See cases annotated under *Code* § 70-202, catchword "Judge." There was sufficient evidence, as shown hereinabove, to authorize the judge to find that the loan was made to the defendant's husband for exclusive use in his business, of which he had the sole ownership and interest, that the defendant received none of the proceeds of the loan, and that the defendant's signing of the note was as security for the husband's checks and was therefore ineffectual to bind her with liability therefor under the authorities cited herein.

It follows that the evidence supported the judgment in favor of the defendant and that the court did not err in its judgment overruling the motion for a new trial on the general grounds.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*