41865, 41866. DOMESTIC LOANS OF WASHINGTON, INC. v. WILDER et al.; and vice versa.

PANNELL, Judge. Domestic Loans of Washington, Inc. brought suit on a note against William E. Wilder and his wife, Dorothy W. Wilder, in the Superior Court of Wilkes County. The defendants answered, setting up four alleged defenses:

First, that the plaintiff, through the "manager" of the local office, had employed the defendant, William E. Wilder, to repair a wrecked car belonging to one George Samuels, a debtor of plaintiff, in an amount in excess of the sum sued for, which was done, and plaintiff refused to pay for the work. The third defense alleges the debt had been paid in the sum of the repairs charged for in the first defense. The second defense is that the plaintiff is advertising for sale some land in which Dorothy Wilder has a life estate, and alleges further that the defendant Dorothy W. Wilder is not indebted to plaintiff in that the purported loan to Dorothy W. Wilder was for the debt of her husband which was paid to a third party in a sum alleged on January 4, 1960. The fourth defense alleges that Dorothy W. Wilder is not indebted to the plaintiff in any sum and alleges substantially the facts of the second defense and seeks to enjoin a sale of the property advertised for sale. A temporary restraining order was entered by the judge of the superior court. Upon the trial of the case, evidence was presented by all the parties and at the conclusion of the presentation of evidence the claim for attorney's fees was stricken on motion, and the attorney for Mrs. Wilder made the following motion: "We move for a directed verdict on behalf of the defendant, Mrs. Dorothy W. Wilder, in that no showing and [sic] any consideration has ever passed to her from the proceeds of this loan or from the original loan of which the note sued on is a renewal thereof." This motion was overruled. The attorney for plaintiff made the following motion: "We move for a directed verdict for the plaintiff for the principal and interest of the note. I moved for a directed verdict, but, now, I move that you strike and eliminate the part [of the answer relating to?] suretyship because the evidence shows she's not a surety." The court overruled the motion for directed verdict but sustained the motion as to the question of suretyship. The jury was unable to agree and the court declared a mistrial. The plaintiff, within the time required by law, filed its motion for a judgment notwithstanding the mistrial "in accordance with its motion made after the completion of the evidence in this case." The defendant, Dorothy W. Wilder, made a motion for judgment notwithstanding the mistrial on the grounds that "there was no evidence adduced during the trial of the case to justify a verdict on behalf of the plaintiff against

Dorothy W. Wilder, and that the evidence adduced during the trial of the case demanded a verdict in favor of Dorothy W. Wilder. . ." The trial judge overruled the plaintiff's motion for judgment n.o.v., from which ruling the plaintiff appeals, enumerating the same as error. The trial judge also overruled the defendant's motion for judgment n.o.v., and she filed a cross appeal enumerating as error the overruling of the motion, the overruling of her motion for directed verdict (upon which the motion for judgment was n.o.v. was based), that the court erred in striking the defendant's second defense, in striking the defendant's third defense, and in striking the defendant's fourth defense. The record does not disclose that the third defense was stricken or that the court failed to submit the issues framed thereby to the jury. The second and fourth defenses relate to the claim of Dorothy W. Wilder as to suretyship.

1. The delivery of a deed is essential to its validity and it is complete only when the deed is accepted. *Stallings v. Newton,* 110 Ga. 875 (1) (36 SE 227); *Smith v. Smith,* 202 Ga. 759 (1) (44 SE2d 486). The delivery may be actual or constructive. *Perdue v. Griffin,* 32 Ga. App. 100 (122 SE 713); *Dobbs v. First National Bank of Atlanta,* 65 Ga. App. 796 (2) (16 SE2d 485); *Cooper v. Littleton,* 197 Ga. 381 (1) (29 SE2d 606). The record of a properly attested deed purporting on its face to have been delivered is prima facie or presumptive evidence of delivery which, of course, is rebuttable. *Gordon v. Trimmier,* 91 Ga. 472 (1) (18 SE 404); *Mays v. Fletcher,* 137 Ga. 27 (2) (72 SE 408); *Bracewell v. Morton,* 192 Ga. 396 (2) (15 SE2d 496); *Allen v. Bemis,* 193 Ga. 556 (2) (19 SE2d 516). Where, as in the present case, the record of a deed from the husband to the wife was on December 10, 1959, and the only evidence of the actual time of delivery to the wife is the testimony of the wife that she received the deed after the levy on the land conveyed therein of an execution against the husband, the levy of which was prior in time to the record of the deed, the evidence demands a finding that the deed was delivered not later than the date of record. It follows, therefore, that as to the loan subsequently made and evidenced by a note signed by both the husband and the wife, of which the note sued on is a renewal, and the proceeds of which loan were disbursed to pay the execution levied upon the property, the wife would not be entitled to claim that she

was a mere surety for her husband or that the transaction makes her liable for her husband's debt through an arrangement or scheme to which the plaintiff was a party. See, *Purdue v. Barber*, 184 Ga. 512 (1) (192 SE 16); *Allen v. National Bank of Tifton*, 14 Ga. App. 299 (1) (80 SE 697); *Swint v. Milner Banking Co.*, 30 Ga. App. 733 (1) (119 SE 336); *Deitch v. Bearco*, 26 Ga. App. 117 (105 SE 625); *Saxon v. National City Bank*, 169 Ga. 784 (2) (151 SE 501); *Edwards v. Warnell*, 177 Ga. 469 (1) (170 SE 365); *Nelms v. Keller*, 103 Ga. 745 (30 SE 572); *Hill, Jones & Co. v. Cooley*, 112 Ga. 115 (37 SE 109); *Third National Bank of Columbus v. Poe*, 5 Ga. App. 113 (1b, c) (62 SE 826).

2. The evidence disclosing without dispute that the manager of the plaintiff's office, with whom the defendant William Wilder claimed he had a contract for the repair of an automobile, had no authority to make such contracts, including the one claimed, and there being no evidence that the plaintiff ratified such contract, and there being no evidence of any prior course of dealings of the same nature between the parties other than the equivocal and contradictory testimony of the defendant asserting such affirmative defense, the defense relating thereto was not sustained by the evidence.

3. In view of the above ruling, the trial court did not err in overruling the wife's motion for judgment notwithstanding the verdict (mistrial) as complained of by her in the cross appeal, but did err in refusing to grant the plaintiff's motion for judgment notwithstanding the verdict (mistrial) as the evidence presented no valid defense to the note sued upon.

*Judgment reversed on main appeal; affirmed on cross appeal. Felton, C. J., and Frankum, J., concur.*

ARGUED MARCH 7, 1966—DECIDED MAY 25, 1966—
REHEARING DENIED JUNE 9, 1966.

*Lawson E. Thompson*, for appellant.
*Walton Hardin*, for appellee.