### 10707.  BRITT *v.* THE STATE.

1. In the case of one indicted for fornication the fact that the sole witness before the grand jury was the other party to the illicit intercourse is not a sufficient ground for a plea in abatement.
2. The questions of the trial judge to the witness for the prosecution were not improper.
3. The evidence authorized a conviction of fornication.

DECIDED NOVEMBER 4, 1919.

Indictment for fornication; from Appling superior court—Judge Highsmith. May 10, 1919.

While the witness for the prosecution was testifying the presiding judge asked her a number of questions as to when and where she had sexual intercourse with the accused, etc., and at the conclusion of her testimony counsel for the accused moved that the court declare a mistrial, on the grounds, that "the examination by the court of the prosecuting witness was extended and upon the vital points of the case, and was a gross injustice to the defendant, and was calculated to confuse and mislead the jury with respect to the attitude of the court on the merits of the case, and deprived the defendant of a fair and impartial trial; that it had a tendency to lead the jury to believe the judge was giving special attention to the testimony of the witness and taking undue interest in the case, and had the effect of discrediting his defense before the jury." The court overruled the motion, and this is complained of in the motion for a new trial; and it is further contended that the judge in his questions to the witness assumed that sexual intercourse had occurred between the witness and the accused, and thus expressed or intimated an opinion "in violation of the law." In

a note to these grounds of the motion for a new trial the judge said: "The witness was a young, excited, nervous country girl, apparently soon to become a mother. The examination of counsel for movant was such as to indicate that the case was rape, instead of fornication as charged. At the conclusion of the cross-examination it appeared, from the questions asked and answers given, that movant was guilty of rape, if anything. The questions asked by the court were with the intention and for the purpose of ascertaining whether the alleged acts of intercourse, if they occurred in fact, made a case of rape, or only of fornication."

*W. W. Bennett,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

BLOODWORTH, J. 1. A plea in abatement to the indictment, which charged fornication, was properly stricken when the ground thereof was that the only witness before the grand jury was the other party to the illicit intercourse. While the other party was an accomplice (*Solomon* v. *State,* 113 *Ga.* 192, 38 S. E. 332), yet fornication is a misdemeanor, and in such cases the law allows a conviction on the evidence of a single witness, even though that witness be an accomplice. Penal Code of 1910, § 1017.

2. The 4th ground of the amendment to the motion for new trial will not be considered, as the trial judge refused to approve it. The remaining special grounds of the motion are without merit, especially when considered in the light of the qualifying note of the presiding judge. "The court may properly propound questions to a witness on the stand, with a view to elicit the truth of the case; and if in such examination the court does not express or intimate an opinion as to the credibility of the witness, or as to what has or has not been proved, the mere fact that competent testimony of the witness so elicited may be detrimental to the interest of a party will not be cause for granting him a new trial. The questions which the court asked the witness, as set out in the motion for a new trial in the present case, were not calculated to impress the jury with the idea that the judge believed the party who gained the case in the court below should prevail." *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (7) (50 S. E. 488).

3. Counsel for plaintiff in error insists that the verdict is without evidence to support it, because the evidence shows that the defendant was guilty of rape instead of fornication. He made a

timely and appropriate request in writing that this issue be submitted to the jury, and the presiding judge certifies that this was done. On questions of fact the jurors are the final arbiters. This court is a court for the correction of errors of law alone. Where the jury passes upon issues of fact, this court cannot say as a matter of law that the verdict is contrary to law, if there is any evidence at all to support the verdict. The jury have said that this defendant is guilty of fornication; there is evidence to support such a finding, the verdict has the approval of the presiding judge, and the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*