### 13947. DeBarry *v.* The State.

Luke, J. 1. The failure of the plaintiff in error to file a supersedeas bond is not ground for dismissal of the writ of error. *Bridges* v. *Jaques & Tinsley Co.*, 3 *Ga. App.* 295 (1) (59 S. E. 826).

2. "The court may properly propound questions to a witness on the stand, with a view to elicit the truth of the case; and if in such examination the court does not express or intimate an opinion as to the credibility of the witness, or as to what has or has not been proved, the mere fact that competent testimony of the witness so elicited may be detrimental to the interest of a party will not be cause for granting him a new trial." *Johnson* v. *Leffler Co.*, 122 *Ga.* 670 (7) (50 S. E. 488); *Britt* v. *State*, 24 *Ga. App.* 324 (2) (100 S. E. 796). The questions which the court propounded to the witnesses, as set out in the motion for a new trial in the instant case, were not improper.

3. The prohibition law (Act Ex. Sess. 1915, pp. 16, 17) does not prevent the owner of an automobile seized while conveying liquor in violation of the terms of the law from giving an eventual condemnation bond and retaking possession of the car; and if, upon the trial of such a case, the jury find the automobile subject to condemnation, their verdict may be against the principal and the sureties on the bond. Under this ruling there is no merit in grounds 14 and 15 of the amendment to the motion for a new trial.

4. None of the other special grounds of the motion for a new trial shows reversible error.

5. The evidence amply authorized, if it did not demand, the verdict.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 7, 1923.

Condemnation under liquor law; from city court of Miller couny — Judge Geer. August 21, 1922.

*R. W. Grow, Roy Wilch, Hartsfield & Conger,* for plaintiff in error.

*P. D. Rich, solicitor,* contra.