## 20003. REMSON *v.* THE STATE.

DECIDED NOVEMBER 13, 1929.

*Hugh E. Combs,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.

LUKE, J. Having been convicted of possessing intoxicating

liquor, Anna Remson excepted to the judgment overruling her motion for a new trial, based upon the general grounds and six special grounds.

G. H. Lunceford testified: that having had information that John Remson, defendant's husband, had liquor at his house, he went there at a time when nobody was at home, and found four and a half gallons of liquor in an unlocked trunk or box in the house; that the trunk or box was full of women's clothes, and the liquor was under the clothes; that he assumed the trunk belonged to the defendant, because the clothes were in it; that after he found the whisky he went out in a field two or three hundred yards from the house where the defendant and two or three small children were, and got the defendant; that the defendant told the witness that Mose Hulin left the whisky in the house and she put it in the trunk; and the defendant said that John was her husband and that "nobody lived there but her and John."

Mose Hulin, sworn for the defendant, testified that he and a white fellow put four and a half gallons of whisky, tied up in a sack, in John's house; that John was not at home, and that the witness blew his automobile horn and the defendant came to the house from the field; that he told the defendant that there was "a little package that somebody had sent John;" that the defendant did not ask what was in the package, and he did not tell her; that the whisky was in two sacks, and that witness took one sack and his companion the other, and "set them in the corner of the house;" that witness had paid a fine of $200 under a charge based upon the same transaction; that when the officers caught witness and the party with him they had about a pint and a half of whisky in a half-gallon jar; that they got the whisky out of the sack at John's house; that the defendant "was not right there when he got this whisky," and might have been in the other room; that they had been drinking "a right smart" and were not paying any attention to defendant; that after opening the package and taking out the half gallon of liquor at John's house they left the package there; that when the whisky was delivered, only defendant and three small children were present; and that witness "left Anna and the liquor there."

Henry Morgan testified: that the defendant cooked for him, and John, her husband, worked for him; that defendant was of good character; that when the liquor was found John was about seven

miles below there and could not have moved the liquor in the house; and that witness had never heard of defendant's having any liquor, —that she had a husband who "takes care of the liquor."

In her statement to the jury the defendant said that she was in her field when a horn blew; that she thought it was her sister-in-law; that when she reached the house Mose Hulin asked her where her husband was, and that when she told him he was working at Mr. Morgan's place, Hulin said he had a package which he wanted to leave until he came back; that Hulin and the white gentleman with him brought the package in; and that she knew nothing about the package, never touched it, and did not know how it got in the trunk.

Under the record in this case it certainly can not be said that there was no evidence to support the verdict; and the court did not err in overruling the general grounds of the motion for a new trial.

The first special ground alleges that the evidence was wholly circumstantial, and that, therefore, the court erred in failing to charge the law of circumstantial evidence without any request so to do. Under the evidence and the defendant's admission to the officer, she was in control and possession of four and a half gallons of whisky as charged in the indictment. The defense presented in the defendant's statement to the jury, that she never knew that the sack contained whisky, can not have the effect of making the case depend entirely upon circumstantial evidence. The conviction not depending wholly upon circumstantial evidence, and there being no request to charge on it, the court did not err in overruling this ground of the motion for a new trial.

The next special ground complains that the court erred in allowing the witness to testify as follows: "We found it in her trunk;" the objection being that the testimony was a mere conclusion of the witness that the trunk in which the whisky was found belonged to the defendant. It does not appear from this exception that the testimony was a conclusion of the witness. Of course, the statement of counsel, that the evidence was objected to as being a conclusion, does not suffice to show that it was a conclusion. As a matter of fact the brief of evidence shows that the witness concluded that the trunk was the defendant's because it was full of women's clothes, but we are not called upon to search the brief of evidence to complete the exception. It not appearing from the witness's

answer per se, or anywhere from the exception, that the testimony was a mere conclusion of the witness, this ground of the motion for a new trial is not good. Furthermore, it is incredible that this testimony, in the light of the witness's statement as to why he gave it, could have injured the defendant's case.

The charge upon good character was correct, and if the defendant desired any other or further instructions upon that subject, she should have made a timely written request therefor.

Special ground 4 complains that the judge expressed his opinion that "whisky was the thing that had been found," in instructing the jury as follows: "That being entirely a question for you to determine as to whether she did have, control, or possess the whisky in either of the ways charged in the indictment, that being a question entirely for you to determine." In the light of the entire charge, it is hardly possible that the jury could have believed that the judge intended to say or intimate that in his opinion whisky had been found. It is far more reasonable to conclude that the court had reference to the charge in the indictment. Furthermore, it is conclusive, from the evidence of both the State and the defendant, that it was whisky that was found, and this is not controverted by any witness or by the defendant herself. There is no merit in this special ground.

Special ground 5 complains of the following excerpt from the charge of the court: "If you believe beyond a reasonable doubt that the defendant did, in the County of Wilkes, at any time within two years prior to the finding and returning of this bill of indictment into court by the grand jury, commit the offense with which he is charged in the bill of indictment, and in the way and manner charged, or either of the ways or manners charged in the bill of indictment, it would be your duty to find her guilty, and in that event the form of your verdict would be, 'We, the jury, find the defendant guilty.'" The objection to this charge is as follows: "The above charge as given, we contend, was error, as it was an instruction to the jury that if they believed the defendant guilty beyond a reasonable doubt, it would be their duty to find her guilty, regardless of whether or not the State had proved her guilty, and that beyond a reasonable doubt, by the introduction of testimony by sworn witnesses." The court had already charged that the burden was upon the State to prove every material allegation of the indict-

ment beyond a reasonable doubt. This criticism of the charge is without merit.

The sixth and last special ground of the motion for a new trial complains of the following charge of the court: "The burden of proof being on the State, as already explained to you, to satisfy you beyond a reasonable doubt that this defendant is guilty of the offense with which she is charged in the bill of indictment, that being a question for you to determine, as to whether she did have, control, or possess the whisky in either of the ways charged in the indictment,—that being a question entirely for you to determine." It is contended that this charge "was an expression of an opinion of the court that the defendant was guilty of the offense charged in the bill of indictment." It is further urged that "the same was confusing, and tended to confuse rather than enlighten the jury as to what was the law governing the case." It is further contended that the "charge excluded from the jury the consideration of the testimony adduced at the trial, and broadly instructed them that if they believed the defendant guilty beyond a reasonable doubt, it would be their duty to find her guilty." The charge itself refutes the contention that the court, in giving it, expressed any opinion that the defendant was guilty.

The next criticism is not well founded, and, furthermore, is entirely too general to be considered by this court. A casual reading of the charge shows that the third criticism is not applicable.

The evidence supports the verdict, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*