## 23434. FUSSELL *v.* THE STATE.

MACINTYRE, J. 1. The questions which the court asked the witness, as set out in special ground 1 of the motion for new trial, were not calculated to impress the jury with the idea that the judge believed the State should prevail, and were not violative of section 1058 of the Penal Code (1910). "The court may properly propound questions to a witness on the stand, with a view to elicit the truth of the case; and if in such examination the court does not express or intimate an opinion as to the credibility of the witness, or as to what has or has not been proved, the mere fact that competent testimony of the witness so elicited may be detrimental to the interest of a party will not be cause for granting him a new trial." *Britt* v. *State*, 24 *Ga. App.* 324 (100 S. E. 796); *Johnson* v. *State*, 169 *Ga.* 814 (2), 822 (152 S. E. 76).

2. The first two paragraphs of the judge's charge are as follows: "Gentlemen of the jury, J. C. Fussell is on trial before you under an indictment returned by the grand jury of this county serving at the March term, 1933, in which indictment the defendant is charged with the offense of simple larceny, in that the defendant did, on the 26th day of September, 1932, in this county, with force and arms, wrongfully and fraudulently take and carry away certain cattle described in the indictment, with intent to steal the same, contrary to the laws of said State, the good order,

peace, and dignity thereof; signed by James Dockery as prosecutor and A. B. Spence, solicitor-general." "To this indictment the defendant has entered his plea of not guilty, and by this plea of not guilty he denies all the material allegat.ons of this indictment, and places on the State the burden of proving all the material allegations of the indictment to your satisfaction, to a moral and reasonable certainty and beyond a reasonable doubt." In special ground 2 of the motion for a new trial the defendant complains that the portion of the charge quoted above, which was in the following language: "in that the defendant did on the 26th day of September, 1932, in this county, with force and arms, wrongfully and fraudulently take and carry away certain cattle described in the indictment, with intent to steal the same, contrary to the laws of said State, the good order, peace, and dignity thereof," was an expression of opinion and an intimation, if not a direct statement by the court, that the defendant was guilty. Evidently the jury understood that the judge was stating the contention of the State as written in the indictment, and that the judge was not expressing or intimating any opinion upon what had or had not been proved, or as to the guilt of the accused. There is no merit in this ground. *Powers* v. *State*, 172 *Ga.* 1 (22, 23) (157 S. E. 195); *Dixon* v. *State*, 41 *Ga. App.* 429 (153 S. E. 227); *Remson* v. *State*, 40 *Ga. App.* 548(4), 551 (150 S. E. 444).

3. The evidence authorized the verdict, and for no reason assigned did the trial judge err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED DECEMBER 14, 1933.

*L. C. Harrell, Quincy & Quincey,* for plaintiff in error.

*A. B. Spence, solicitor-general, John S. Gibson, R. B. Chastain,* contra.